■ Arthur T. Mott et al., Appellants, v Incorporated Village of Hempstead, Respondent. [628 NYS2d 794] —In an action, *inter alia,* for a judgment declaring invalid Local Law 2-1990 of the Incorporated Village of Hempstead, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered November 10, 1993, as declared the Local Law to be valid and constitutional.

Ordered that the appeals by the plaintiffs Arthur T. Mott, Dorothy Mott, and Madeleine Wroth are dismissed, as those plaintiffs are not aggrieved by the portion of the order and judgment appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from by the plaintiff James Pampillonia; and it is further,

Ordered that the defendant is awarded one bill of costs.

By order dated December 16, 1992, the Supreme Court determined that the plaintiffs Arthur T. Mott, Dorothy Mott, and Madeleine Wroth were collaterally estopped from raising any issue concerning the constitutionality of Local Law 2-1990 of the Incorporated Village of Hempstead and, accordingly, it dismissed, pursuant to CPLR 3211 (a) (5), the portion of their complaint which sought that relief. Those plaintiffs are not aggrieved by the portion of the final order and judgment entered November 10, 1993, which determined the constitutionality of Local Law 2-1990 upon the complaint of their co-plaintiff James Pampillonia. Since the plaintiffs Mott and Wroth have failed to contend that the court erred in dismissing their cause of action for a declaratory judgment as to the constitutionality of the local law in question (CPLR 5501 [a] [1]), their appeals must be dismissed.

With respect to the plaintiff James Pampillonia, the Supreme

Court properly determined that Local Law 2-1990 was constitutional since Pampillonia did not demonstrate that in enacting the Emergency Tenant Protection Act, the Legislature intended to preempt the entire field of building regulation *(see,* McKinney's Uncons Laws of NY § 8622 [Emergency Tenant Protection Act of 1974; L 1974, ch 576, § 4]; *Incorporated Vil. of Nyack v Daytop Vil.,* 78 NY2d 500, 505; *Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,* 74 NY2d 761, 765; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 97; *New York State Club Assn. v City of New York,* 69 NY2d 211, 217, affd 487 US 1; *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105; *Matter of Ames v Smoot,* 98 AD2d 216, 218). O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.