OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner operates the Limelight, a popular discotheque, which is licensed as a "cabaret” by respondent New York City Department of Consumer Affairs pursuant to subchapter 20 of chapter 2 of title 20 of the Administrative Code of the City of New York (the Cabaret Law). The Limelight is also licensed to sell liquor for consumption on its premises pursuant to the New York State Alcoholic Beverage Control Law (Alcoholic Beverage Control Law § 106). The Cabaret Law requires licensed cabarets to close between the hours of 4:00 a.m. and 8:00 a.m. (Administrative Code of City of New York § B32303.0 [renum § 20-367]). The applicable State law prohibits the sale of alcohol after 4:00 A.M., but permits patrons to continue to consume alcoholic beverages upon the premises until 4:30 a.m. (Alcoholic Beverage Control Law § 106 [5] [b]). Although both laws prohibit the sale of alcohol past 4:00 A.M., the State law thus permits patrons to remain on the premises consuming alcohol until 4:30 A.M., while the Cabaret Law does not. Relying on this conflict, petitioner maintains that this provision of the Cabaret Law is preempted by the State law. We agree.
In People v De Jesus (54 NY2d 465) this court held that the Alcoholic Beverage Control Law is preemptive of local law *763 because the regulatory system is both "comprehensive and detailed” (id., at 469). Consequently, we held that a Rochester City ordinance prohibiting persons from patronizing an establishment selling alcoholic beverages after 2:00 a.m. was preempted by the State law because "by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law” (id., at 472).
In De Jesus, however, we noted that establishments selling alcoholic beverages are not exempt from local laws of general application. Such laws are principally aimed at legitimate concerns of local government and do not directly affect the field preempted by the State law. For example, laws "requiring smoke alarms in all business premises, or * * * forbidding dumping of refuse on city sidewalks, or * * * prohibiting disorderliness at any 'place of public resort’ ” (People v De Jesus, 54 NY2d 465, 471, supra, citing People v Hardy, 47 NY2d 500), would not be preempted if their enforcement incidentally infringed on the State Alcoholic Beverage Control Law.
Relying on this exception to the preemption rule, respondent argues that section B32-303.0 of the Administrative Code is a statute of general application because it is founded upon a legitimate exercise of local police power in that it seeks to maintain the peace, comfort and decency of residential neighborhoods by controlling noise and traffic. Additionally, respondent maintains that this ordinance is not preempted because it does not explicitly regulate the sale of alcohol as did the regulation in De Jesus. These contentions are without merit.
As Supreme Court concluded, the legislative history of the City ordinance does not "indicate a specific intent * * * to exercise a legitimate local function such as maintaining the peace and quiet of residential neighborhoods.” Rather, "historical analysis indicates that for most of its life, the local law merely mirrored the State law.” (133 Misc 2d 206, 210.) In fact, there is a dearth of legislative history to support respondent’s claim.
Nevertheless, even assuming that this local ordinance was adopted for the claimed purpose, this conclusion would not alone be sufficient to surmount the preemption hurdle. Even where the local goal does not conflict with State legislative objectives, the locality must still tailor its ordinance to ensure *764 that its impact upon the preempted field is merely incidental. Compelling a business licensed by the State Liquor Authority to close at a time at which customers are otherwise permitted to remain on the premises and consume alcoholic beverages directly regulates subject matter within the exclusive jurisdiction of the State (see, People v De Jesus, 54 NY2d 465, 470, n 3, supra). In this regard, there is a head-on collision between the City ordinance as it is applied to establishments also licensed by the State. Since the State has preempted any local regulation concerning the subject matter of hours of operation, distribution, or consumption, local laws which concern the same subject matter must give way to the State law (see, Dougal v County of Suffolk, 102 AD2d 531, 532-533, affd 65 NY2d 668; Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350-351).
That the City ordinance is not explicitly directed at the sale or consumption of alcoholic beverages is of no consequence since application of the preemption doctrine does not turn on semantics. Rather, the direct consequences of a local ordinance should be examined to ensure that it does not "render illegal what is specifically allowed by State law” (People v De Jesus, 54 NY2d 465, 472, supra; see, e.g., Wholesale Laundry Bd. of Trade v City of New York, 12 NY2d 998, affg 17 AD2d 327).
The suggestion raised in the dissenting opinion that the State Alcoholic Beverage Control Law preempts only those local laws which pertain to the sale and distribution of alcohol, as opposed to the consumption of alcohol, ignores both the plain wording of the State law at issue (Alcoholic Beverage Control Law § 106 [5] [b] ["Nor shall any person be permitted to consume any alcoholic beverages upon any such premises”; emphasis supplied]), as well as this court’s decision in De Jesus (see, People v De Jesus, supra, at 470, n 3; see also, id., at 472 [Gabrielli, J., dissenting] [the State has preempted the field " 'for the purpose of fostering and promoting temperance in (the public’s) consumption and respect for and obedience to law’ emphasis supplied]). In addition, the argument that the local law is not inconsistent with the State statute (dissenting opn, at 766) is founded on the view that the local law does not prohibit "an act which has been specifically permitted by State law.” (Id., at 767 [emphasis supplied].) To the contrary, the State law specifically allows patrons to remain on the premises consuming alcohol until 4:30 a.m., while the local law does not. This is not a tiny overlap (see, id.), but a direct *765 conflict. Where a State law indicates a purpose to occupy an entire field of regulation, as exists under the Alcoholic Beverage Control Law, local regulations are preempted regardless of whether their terms conflict with provisions of the State statute or only duplicate them (see, Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 106-107; People v De Jesus, 54 NY2d 465, 468-469, supra; Dougal v County of Suffolk, 102 AD2d 531, 532-533, affd 65 NY2d 668, supra). If a local ordinance which merely duplicates a State law is preempted, assuredly a local law which conflicts with the State law must also be preempted.