*93
 
 OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In 1995, the New York City Council approved an amendment to the City’s Zoning Resolution to regulate the location of “adult establishments.” Plaintiffs are adult establishments licensed to dispense alcoholic beverages.
 
 [1]
 
 They contend that the Amended Zoning Resolution conflicts with and is therefore preempted by the Alcoholic Beverage Control Law. We disagree.
 

 L
 

 In the mid-1960s, the adult entertainment industry in New York City began experiencing significant growth. This trend continued and by the early 1990s there were hundreds of such establishments located throughout the City. In 1993, the New York City Department of City Planning commissioned its study on the impact of this industry on the quality of urban life
 
 (see generally, Stringfellow’s of N. Y. v City of New York,
 
 91 NY2d 382, 392-394). The City concluded that adult establishments produced adverse secondary effects such as increased crime rates, reduced property values, neighborhood deterioration and inappropriate exposure of children to sexually oriented environments
 
 (see,
 
 1994 Dept of City Planning Report on Adult Entertainment Study;
 
 see also, City of New York v Stringfellow’s of N. Y.,
 
 96 NY2d 51 [decided today]).
 

 After conducting public hearings and amassing an extensive legislative record, in 1995 the City amended its Zoning Resolution to combat the problem and improve the quality of urban life
 
 (see,
 
 NY City Amended Zoning Resolution [“AZR”] § 12-10 [“Adult establishment”]). Among other provisions, the AZR requires that adult establishments be confined to the City’s manufacturing and high density commercial zoning districts
 
 (see,
 
 NY City Amended Zoning Resolution § 32-01 [b]; § 42-01 [b]).
 

 Plaintiffs sued the City, seeking a declaratory judgment that the Alcoholic Beverage Control Law (“ABC Law”) preempts the AZR. In lieu of answering, the City moved to dismiss. Supreme "Court treated the City’s motion as one for summary judgment and granted it. Plaintiffs appealed and the Appellate Division
 
 *94
 
 affirmed. Plaintiffs appeal to this Court as of right
 
 (see,
 
 CPLR 5601 [b] [1]), and we now affirm.
 

 IL
 

 We begin by reviewing the relationship between the State and its local governmental units in connection with their respective exercise of legislative power. We have noted that in general, local governments “have only the lawmaking powers the Legislature confers on them”
 
 (Kamhi v Town of Yorktown,
 
 74 NY2d 423, 427;
 
 see also, People v De Jesus,
 
 54 NY2d 465, 468). Zoning is an exercise of that power
 
 (see, Trustees of Union Coll. v Members of Schenectady City Council,
 
 91 NY2d 161, 165;
 
 Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,
 
 69 NY2d 406, 412). Article IX, § 2 (c) (ii) of the New York State Constitution provides that “every local government shall have power to adopt and amend local laws
 
 not inconsistent
 
 with the provisions of this constitution or any general law * * * except to the extent that the legislature shall restrict the adoption of such a local law” (emphasis added).
 

 To implement article IX, the Legislature enacted the Municipal Home Rule Law
 
 (see generally, Kamhi v Town of Yorktown,
 
 74 NY2d, at 428-429,
 
 supra-,
 
 Analysis of the Municipal Home Rule Law, Mem of Office for Local Government, reprinted in McKinneys Cons Laws of NY, Book 35C, at XV). It specifically gives a municipality, such as the City of New York, the power to enact local laws for the “protection and enhancement of its physical and visual environment” and for the “government, protection, order, conduct, safety, health and well-being of persons or property therein”
 
 (see,
 
 Municipal Home Rule Law § 10 [1] [ii] [a] [11]-[12]). In keeping with article IX, however, the Municipal Home Rule Law prohibits the City from adopting local laws inconsistent with the State Constitution or any general law of the State
 
 (see,
 
 Municipal Home Rule Law § 10 [1] [n]).
 
 [2]
 

 Section 10 (6) of the Statute of Local Governments explicitly authorizes cities to “adopt, amend and repeal zoning regulations.” Thus, this constitutional and statutory scheme authorizes the City to adopt zoning resolutions, as long as they are»
 
 *95
 
 consistent with the State Constitution and State statutes. Local laws that conflict with State statutes are preempted
 
 (see, Matter of Ardizzone v Elliott,
 
 75 NY2d 150, 155;
 
 Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d 91, 96).
 

 Broadly speaking, State preemption occurs in one of two ways — first, when a local government adopts a law that directly conflicts with a State statute
 
 (see, e.g., Consolidated Edison Co. v Town of Red Hook,
 
 60 NY2d 99, 107) and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility
 
 (see, e.g., New York State Club Assn. v City of New York,
 
 69 NY2d 211, 217,
 
 affd
 
 487 US 1). The State Legislature may expressly articulate its intent to occupy a field,
 
 [3]
 
 but it need not. It may also do so by implication.
 

 An implied intent to preempt may be found in a “declaration of State policy by the State Legislature * * * or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area”
 
 (see, Consolidated Edison Co. v Town of Red Hook,
 
 60 NY2d, at 105,
 
 supra; see also, Robin v Incorporated Vil. of Hempstead,
 
 30 NY2d 347, 350). In that event, a local government is “precluded from legislating on the same subject matter unless it has received ‘clear and explicit’ authority to the contrary”
 
 (see, People v De Jesus,
 
 54 NY2d, at 469,
 
 supra
 
 [quoting
 
 Robin v Incorporated Vil. of Hempstead,
 
 30 NY2d, at 350-351,
 
 supra]).
 
 More specifically,
 

 “a local law regulating the same subject matter is deemed inconsistent with the State’s overriding interests because it either (1) prohibits conduct which the State law, although perhaps not expressly speaking to, considers acceptable or at least does not proscribe * * * or (2) imposes additional restrictions on rights granted by State law”
 
 (Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d, at 97,
 
 supra).
 

 It is now well settled that the State’s ABC Law impliedly preempts its field
 
 (see, Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,
 
 74 NY2d 761, 762-763;
 
 People v De Jesus,
 
 54 NY2d, at 469,
 
 supra).
 

 Accordingly, plaintiffs argue that the City’s AZR makes impermissible inroads in a preempted field. They contend that
 
 *96
 
 the AZR conflicts with the ABC Law in several important respects. They note, for example, that the ABC Law has its own provisions governing nudity in licensed premises
 
 (see,
 
 Alcoholic Beverage Control Law § 106 [6-a]). They also point out that the AZR requires a minimum of 500 feet between an adult establishment and a school or place of worship, while the ABC Law requires only 200 feet
 
 (compare,
 
 NY City Amended Zoning Resolution § 32-0l[b]; § 42-01 [b],
 
 with
 
 Alcoholic Beverage Control Law § 64 [7] [a]). Thus, plaintiffs argue, owing to these and similar points of conflict the AZR is unenforceable against them.
 

 The City, on the other hand, contends that the AZR is a local law of general application. Because its thrust is zoning and not the regulation of alcohol, the AZR applies across the board to all adult establishments whether they sell alcoholic beverages or not. The City also emphasizes that the AZR is directed at alleviating the secondary effects of adult establishments, and any impact on those that happen to sell alcoholic beverages is merely incidental to the City’s land use scheme. We agree with the City.
 

 The Legislature enacted the ABC Law to promote temperance in the consumption of alcoholic beverages and to advance “respect for [the] law”
 
 (see,
 
 Alcoholic Beverage Control Law § 2). In carrying out its objectives, the ABC Law preempts its field by comprehensively regulating virtually all aspects of the sale and distribution of liquor
 
 (see, Matter of Lansdown Entertainment Corp. v New York City Dep. of Consumer Affairs,
 
 74 NY2d, at 762-763, supra;
 
 People v De Jesus,
 
 54 NY2d, at 469,
 
 supra; see generally,
 
 New York State Moreland Commission Reports on the Alcoholic Beverage Control Law). Alcohol, however, is not land. Indeed, the ABC Law and the AZR are directed at completely distinct activities.
 

 One of the most significant functions of a local government is to foster productive land use,within its borders by enacting zoning ordinances
 
 (see generally,
 
 1 Anderson, American Law of Zoning § 2.16 [Young 4th ed]; 6-A McQuillin, Municipal Corporations §§ 24.123.20, 24.123.30, 24.123.40 [3d rev ed]; Crocca, Annotation,
 
 Validity of Ordinances Restricting Location of “Adult Entertainment” or Sex-Oriented Businesses,
 
 10 ALR5th 538). In
 
 Matter of Frew Run Gravel Prods. v Town of Carroll
 
 (71 NY2d 126, 131), we held that the “purpose of a municipal zoning ordinance in dividing a governmental area into districts and establishing uses to be permitted within the districts is to regulate land use generally.” The AZR does just
 
 *97
 
 that, and stands in contrast to laws that regulate alcoholic beverages.
 

 To be sure, by regulating land use a zoning ordinance
 
 “inevitably exerts an incidental control
 
 over any of the particular uses or businesses which * * * may be allowed in some districts but not in others”
 
 (Matter of Frew Run Gravel Prods. v Town of Carroll,
 
 71 NY2d, at 131,
 
 supra
 
 [emphasis added];
 
 see also, Matter of Gernatt Asphalt Prods. v Town of Sardinia,
 
 87 NY2d, at 681-682,
 
 supra).
 
 Nevertheless, as we have observed, “separate levels of regulatory oversight can coexist”
 
 (see, Incorporated Vil. of Nyack v Daytop Vil.,
 
 78 NY2d 500, 507). State statutes do not necessarily preempt local laws having only “tangential” impact on the State’s interests
 
 (see, id.,
 
 at 506). Local laws of general application — which are aimed at legitimate concerns of a local government — will not be preempted if their enforcement only incidentally infringes on a preempted field
 
 (see, Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,
 
 74 NY2d, at 763, supra;
 
 Incorporated Vil. of Nyack v Daytop Vil.,
 
 78 NY2d, at 506,
 
 supra).
 
 Thus, as we stated in
 
 People v De Jesus,
 
 an establishment selling alcoholic beverages would not be exempt from a local law “requiring smoke alarms in all business premises, or one forbidding dumping of refuse on city sidewalks, or one prohibiting disorderliness” (54 NY2d, at 471,
 
 supra).
 
 We recognized of course that there are limits to the reach of local law, and held that the ABC Law preempted a provision of the Rochester Municipal Code because that local law dealt “solely with the actions of patrons of establishments which sell alcoholic beverages.” (54 NY2d, at 471.)
 
 [4]
 
 The AZR, however, does nothing of the sort. To the contrary, it applies not to the regulation of alcohol, but to the
 
 locales
 
 of adult establishments irrespective of whether they dispense alcoholic beverages. In short, plaintiffs come under both regulatory schemes because they simultaneously engage in two distinct activities, each involving an independent redlm of governance.
 

 In
 
 Incorporated Vil. of Nyack v Daytop Vil.
 
 (78 NY2d, at 508,
 
 supra)
 
 we held that the Village of Nyack had “a legitimate, legally grounded interest in regulating development within its borders.” This principle applies here. A liquor licensee wishing to provide adult entertainment must do so in a location autho
 
 *98
 
 rized by the AZR — not because it is selling liquor, but because it is providing adult entertainment. Conversely, if an adult establishment wishes to sell liquor, it must obtain a liquor license and comply with the ABC Law. That the ABC Law and the AZR have some overlapping requirements is merely peripheral and involves no more than what we described in
 
 Frew Run
 
 as a zoning ordinance’s inevitable exertion of some incidental control over a particular business.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Plaintiffs are DJL Restaurant Corp., doing business as “Shenanigans,” WES JOE Restaurant Corp., doing business as “New York Dolls” and 320 West 45th St. Restaurant Inc., doing business as “Private Eyes.” All feature adult entertainment in the form of topless dancing.
 

 [2]
 

 .
 
 The Municipal Home Rule Law defines a “general law” as a “state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages” (Municipal Home Rule Law § 2 [5]). Section 11 of the Municipal Home Rule Law also expressly prohibits local governments from legislating on various subjects.
 

 [3]
 

 .
 
 See e.g.,
 
 Environmental Conservation Law § 23-2703 (2) (stating that “this title shall supersede all * * * local laws relating to the extractive mining industry”);
 
 see generally, Matter of Gernatt Asphalt Prods. v Town of Sardinia
 
 (87 NY2d 668, 680-683).
 

 [4]
 

 . There are instances in which a zoning ordinance could conflict with a State law, as for example, where the Mental Hygiene Law expressly limits a municipality’s zoning authority (see,
 
 Incorporated Vil. of Nyack v Daytop Vil.,
 
 78 NY2d, at 506-507,
 
 supra
 
 [comparing Mental Hygiene Law art 19 with Mental Hygiene Law, art 41, § 41.34]). That of course is not the case before us.