[915 NYS2d 578]

In the Matter of ALAN J. CHWICK et al., Appellants, et al., Petitioner/Plaintiff, v LAWRENCE W. MULVEY et al., Respondents.

Second Department, December 28, 2010

APPEARANCES OF COUNSEL

*Duane Morris, LLP*, New York City (*Robert P. Firriolo* of counsel), for appellants.

*John Ciampoli, County Attorney*, Mineola (*Lisa B. Ross* and *Dennis J. Saffran* of counsel), for respondents.

## OPINION OF THE COURT

BELEN, J.

This Court is called upon to resolve two issues. The first is whether a Nassau County ordinance that bans "deceptively colored" handguns is preempted by state law. The second is whether the ordinance violates the appellants' rights under New York's Civil Rights Law. We need to consider the second question only if the first question is answered in the negative.

The principal issue on appeal is whether a Nassau County ordinance (County of Nassau, Miscellaneous Laws, tit 69 [Local Law No. 5-2008]) (hereinafter the ordinance), which bans the possession of "deceptively colored" firearms, is preempted by Penal Law § 400.00. New York State bans the possession of all firearms but exempts individuals who obtain a license for their firearms (*see* Penal Law §§ 265.01, 265.03, 265.20 [a] [3]). Furthermore, state law enables firearms license holders "to carry or possess a pistol or revolver" and provides that any license "shall be effective throughout the state," subject to certain limitations (Penal Law § 400.00 [6]). The appellants each allege that they hold valid licenses for their firearms and allege that certain of their firearms violate the ordinance because they fall within the definition of "deceptively colored" handguns. The appellants contend that Penal Law § 400.00 preempts the ordinance, and that the ordinance violates the protections of the New York Civil Rights Law (*see* Civil Rights Law, art 2, § 4). The respondents, Lawrence W. Mulvey, the Nassau County Police Department, and the County of Nassau (hereinafter collectively the County), argue that the ordinance is not preempted because it merely affects the possession of a firearm while the state law affects firearm licensing. The County further asserts that the ordinance does not violate the petitioners' rights under article 2, § 4 of the Civil Rights Law.

In June 2008, Nassau County enacted Local Law No. 5-2008, the "Deceptively Colored Handgun Law" (*see* County of Nas-

sau, Miscellaneous Laws, tit 69, § 1). The ordinance made it a misdemeanor to possess a handgun that has a substantial amount of its exterior surface plated with gold or colored anything "other than black, brown, grey, silver, steel, nickel or army green" (County of Nassau, Miscellaneous Laws, tit 69, § 3 [b]; §§ 4, 5). Violators were subject to a fine of up to $1,000, or imprisonment for no more than one year, or both (see County of Nassau, Miscellaneous Laws, tit 69, § 5). The purpose of the ordinance was to protect the public and law enforcement officers from the dangers associated with mistaking a real gun for a toy because it is deceptively colored (see County of Nassau, Miscellaneous Laws, tit 69, § 2).

In July 2008 the petitioners, proceeding pro se, commenced the instant hybrid proceeding pursuant to CPLR article 78 to enjoin enforcement of the ordinance and action for a judgment declaring that the ordinance is preempted by state law and unconstitutional. The appellant Alan J. Chwick alleged that he is a Nassau County resident who owns a pink Kel-Tec model P-32 pistol and a "browned"[1] J.P. Sauer & Sohn model 1930 pistol. The petitioner Edward L. Botsch alleged that he also is a Nassau County resident, and that he owns a gold-plated Sigarms pistol, model P-226, which commemorates the 37 Port Authority police officers killed on September 11, 2001. The appellant Thomas G. Fess alleged that he is a resident of Monroe County but frequently visits Nassau County for shooting competitions and owns a camouflaged[2] Glock model 20 pistol. The appellants contend that all of the above-described weapons are properly licensed under state law, but in violation of the ordinance.[3]

In Chwick's affidavit in support of the order to show cause, he contended that the ordinance was preempted by state law, was unconstitutionally vague, violated New York's Civil Rights

---

1. According to the petitioners, the "browned" coloration is the result of a "browning" process that was commonly used in Europe at the time the pistol was manufactured to prevent corrosion.

2. According to the petitioners, the camouflage is of a woodland camouflage pattern, in which the gun is colored with patches of brown, tan, green, and black.

3. The petitioners filed for a temporary restraining order (hereinafter TRO) against the County, prohibiting enforcement of the ordinance pending resolution of this matter. However, during the pendency of the petitioners' TRO application, Nassau County agreed not to enforce the ordinance until after the current action/proceeding was determined. Accordingly, no TRO was issued.

Law, and violated the petitioners' rights under the Second Amendment of the Federal Constitution.[4]

In September 2008 Nassau County amended the ordinance (hereinafter the amended ordinance), by excluding from its definition of "deceptively colored" any handgun with a substantial portion of its "exterior surface colored any color other than black, brown, grey, silver, steel, nickel or army green," plated in gold, or with a substantial portion of its exterior shaded blue as a result of a "bluing" process designed to limit rust and corrosion, or with a handle made of ivory or wood, or painted to resemble ivory or wood (*see* County of Nassau, Miscellaneous Laws, tit 69, § 3 [b]). The amended ordinance also provides an exception for any firearm falling within the "antique firearm" definition found in Penal Law § 265.00 (14) (*see* County of Nassau, Miscellaneous Laws, tit 69, § 6 [c]).[5]

In its answer to the petition, the County asserted that Fess and Botsch lacked standing because their firearms fall outside the definition of "deceptively colored" in the amended ordinance, as does Chwick's J.P. Sauer & Sohn model 1930 pistol.[6] The County also contended that the amended ordinance is not preempted by state law because the amended ordinance does not affect the licensing provisions set forth in Penal Law § 400.00. Furthermore, the County claimed that the amended ordinance does not violate New York's Civil Rights Law.

In the order appealed from, the Supreme Court rejected the petitioners' contentions and upheld the amended ordinance. Further, the Supreme Court determined that the amended ordinance did not violate the Civil Rights Law.

The Supreme Court also held that Fess's Glock model 20 pistol did not violate the amended ordinance because its tan-colored portions did not cover a substantial portion to render it

---

4. The appellants have abandoned their contention that the amended ordinance violates their rights under the Second Amendment of the Federal Constitution. Therefore, we need not analyze the recent United States Supreme Court decisions in *McDonald v Chicago* (561 US —, 130 S Ct 3020 [2010]) and *District of Columbia v Heller* (554 US 570 [2008]).

5. Under Penal Law § 265.00 (14), an "antique firearm" is defined as "[a]ny unloaded muzzle loading pistol or revolver with a matchlock, flintlock, percussion cap, or similar type of ignition system, or a pistol or revolver which uses fixed cartridges which are no longer available in the ordinary channels of commercial trade."

6. The appellants concede that Botsch lacks standing, but assert that Fess has standing. The appellants further concede that Chwick's J.P. Sauer & Sohn model 1930 pistol is also exempted from the amended ordinance.

in violation of the amended ordinance. Accordingly, Fess had no standing. Thus, in light of the petitioners' prior concessions that Botsch's Sigarms model P-226 pistol, Fess's Glock model 20 pistol, and Chwick's J.P Sauer & Sohn pistol were not "deceptively colored," Chwick's pink Kel-Tec model P-32 pistol was the only firearm owned by any of the petitioners that could allegedly be in violation of the amended ordinance.

The petitioners Chwick and Fess appeal. We modify.

■ As an initial matter, the Supreme Court properly, in effect, dismissed the proceeding insofar as asserted by Fess for lack of standing on the ground that the firearm Fess alleged was banned under the amended ordinance, a Glock model 20 pistol, fell outside the definition of "deceptively colored" in the amended ordinance, and therefore was exempt from the amended ordinance (*see Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating*, 46 AD3d 1309, 1310 [2007]; *see also New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]).

■ The County's contention that the amended ordinance does not interfere with firearm licensing and licenses, but regulates the mere possession of certain handguns, is an oversimplification of the scope of the amended ordinance. Penal Law § 265.20 (a) (3) provides that a firearm may be lawfully possessed if a license is obtained pursuant to Penal Law § 400.00, which "is the exclusive statutory mechanism for the licensing of firearms in New York State" (*Matter of O'Connor v Scarpino*, 83 NY2d 919, 920 [1994]). In turn, Penal Law § 400.00 provides that a firearms license shall be effective throughout the state (except for the City of New York) and that certain weapons may not be licensed, and imposes certain eligibility requirements, including that an applicant must be at least 21 years of age[7] and that the applicant has never committed "a felony or a serious offense" (Penal Law § 400.00 [1] [c]; [6]). Further, an individual with a firearms license may lawfully possess such firearm, pursuant to the restrictions placed on the license, anywhere in the state except in the City of New York (*see* Penal Law § 400.00 [6]). Contrary to the County's contention, far from affecting mere possession, the amended ordinance interferes with the licensing provisions set forth in Penal Law

---

**7.** The applicant must be at least 21 years of age unless he/she "has been honorably discharged from the United State army, navy, marine corps, air force or coast guard, or the national guard of the state of New York" (Penal Law § 400.00 [1] [a]).

§ 265.00 *et seq.* and § 400.00 *et seq.* by making it illegal for an individual "to possess a deceptively colored handgun" in Nassau County even though such individual holds a valid firearms license under state law (County of Nassau, Miscellaneous Laws, tit 69, § 4 [b]).[8]

In addition, we reject the County's argument that Penal Law § 400.00 refers only to firearm licensing procedures and the qualifications needed for an individual to be granted a license, and does not refer to types of weapons. Indeed, Penal Law § 400.00 (2) specifically precludes from licensing assault weapons and disguised guns.

The "home rule provision" of the State Constitution (*see* NY Const, art IX, § 2) "confers broad police power upon local government relating to the welfare of its citizens" (*New York State Club Assn. v City of New York*, 69 NY2d 211, 217 [1987], *affd* 487 US 1 [1988]). However, this local power is subject to fundamental limitation by the preemption doctrine (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 400 [2003]). In pertinent part, the home rule provision provides that "every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government" (NY Const, art IX, § 2 [c] [i]).[9] "Broadly speaking, State preemption occurs in one of two ways—first, when a local government adopts a law that directly conflicts with a State statute and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility" (*DJL Rest. Corp. v City of New York*, 96 NY2d 91, 95 [2001] [citation omitted]; *see Anonymous v City of Rochester*, 13 NY3d 35, 51 [2009]; *Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d at 400; *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 377 [1989]; *Dougal v County of Suffolk*, 102 AD2d 531 [1984], *affd* 65 NY2d 668 [1985]; *Matter of Ames v Smoot*, 98 AD2d 216, 217-218 [1983]).

Under the doctrine of conflict preemption, a local law is preempted by a state law when a "right or benefit is expressly

8. The amended ordinance does not interfere with the state law regarding unlicensed firearms, because possession of unlicensed firearms is illegal (*see* Penal Law §§ 265.01, 265.03).

9. Municipal Home Rule Law § 2 (5) defines "[g]eneral law" as "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages."

given . . . by . . . State law which has then been curtailed or taken away by the local law" (*Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 97 [1987]; *see New York State Club Assn. v City of New York*, 69 NY2d at 217; *Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d at 400; *DJL Rest. Corp. v City of New York*, 96 NY2d at 95). Put differently, conflict preemption occurs when a local law prohibits what a state law explicitly allows, or when a state law prohibits what a local law explicitly allows (*see Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761, 762-763 [1989] [City of New York ordinance that required cabarets to close between the hours of 4:00 A.M. and 8:00 A.M. was preempted, as it conflicted with state law that allowed patrons to remain on the premises consuming alcoholic beverages until 4:30 A.M.]; *Wholesale Laundry Bd. of Trade v City of New York*, 17 AD2d 327 [1962], *affd for reasons stated below* 12 NY2d 998 [1963] [local ordinance that provided for a different minimum wage than state law was preempted, as it conflicted with state minimum wage law]). In determining the applicability of conflict preemption, we examine not only the language of the local ordinance and the state statute, but also whether the direct consequences of a local ordinance "render illegal what is specifically allowed by State law" (*Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d at 764, quoting *People v De Jesus*, 54 NY2d 465, 472 [1981]). The crux of conflict preemption is whether there is "a head-on collision between the . . . ordinance as it is applied" and a state statute (*Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d at 764).

▮ Here, the language of Penal Law § 265.20 (a) (3) and § 400.00 does not prohibit the possession of firearms that are deceptively colored as defined by the amended ordinance. Thus, under current state law, possession of "deceptively colored" firearms is implicitly allowed. However, the mere fact that the Legislature's silence appears to allow an act that a local law prohibits does not automatically invoke the preemption doctrine.

> "If this were the rule, the power of local governments to regulate would be illusory. Any time that the State law is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State. That is the essence of home rule. A different situation is

presented when the State has acted upon a subject, and in so acting has evidenced a desire that its regulations should pre-empt the possibility of varying local regulations" (*People v Cook*, 34 NY2d 100, 109 [1974]).

Accordingly, without a "head-on collision" between the Penal Law and the amended ordinance, conflict preemption does not apply (*Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d at 764).[10]

Turning to the doctrine of field preemption, "a local law regulating the same subject matter [as a state law] is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute" (*Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d at 377; *see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d at 401; *DJL Rest. Corp. v City of New York*, 96 NY2d at 95; *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d at 97-98; *Dougal v County of Suffolk*, 102 AD2d at 532-533; *Matter of Ames v Smoot*, 98 AD2d at 218-219). "Such [local] laws, were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State's general law and thereby thwart the operation of the State's overriding policy concerns" (*Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d at 97; *see Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d at 377).

Field preemption applies under any of three different scenarios (*see Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99, 105 [1983]). First, an express statement in the state statute explicitly avers that it preempts all local laws on the same subject matter (*see DJL Rest. Corp. v City of New York*, 96 NY2d at 95). Second, a declaration of state policy evinces the intent of the Legislature to preempt local laws on the same subject matter (*see Robin v Incorporated Vil. of Hempstead*, 30 NY2d 347, 350 [1972]). And third, the Legislature's enactment of a comprehensive and detailed regulatory scheme in an area in controversy is deemed to demonstrate an intent to

---

**10.** There is no conflict preemption between the amended ordinance and Penal Law § 265.20 because obtaining a license pursuant to Penal Law § 400.00 *et seq.* exempts an individual from prosecution under Penal Law § 265.00 *et seq.* (except for Penal Law § 265.01 [3]) (*see* Penal Law § 265.20 [a] [3]). The amended ordinance does not affect this provision, but creates a new county ordinance that criminalizes the possession of a "deceptively colored" firearm, regardless of whether one possesses a valid state firearms license.

preempt local laws (*see New York State Club Assn. v City of New York*, 69 NY2d at 217; *People v De Jesus*, 54 NY2d at 468-469).

▮▮ In the instant case, the first method, express field preemption, does not apply because neither Penal Law § 265.20 (a) (3) nor § 400.00 contains a provision explicitly preempting any local laws on the subject matter of firearm possession or licensing. Nor does our review of the pertinent state statutes and their legislative histories indicate that the second method, policy field preemption, applies.[11]

The third method, implicit field preemption, warrants more discussion. In *People v De Jesus,* a City of Rochester ordinance stated "that '[n]o person shall patronize an establishment which is selling or offering for sale alcoholic beverages after 2:00 A.M.,'" while a state law allowed for alcohol to be purchased until 4:00 A.M. and consumed on the premises until 4:30 A.M. (54 NY2d at 467-469, quoting Municipal Code of City of Rochester § 44-14). The Court found that the comprehensive and detailed language of the Alcoholic Beverage Control Law preempted the field of alcohol regulation, citing numerous factors that demonstrated the Legislature's intent to preempt the field. For example, the Alcoholic Beverage Control Law delegated power to issue licenses and impose sanctions to the State Liquor Authority, established local alcoholic beverage control boards to oversee local enforcement, and was detailed (*People v De Jesus*, 54 NY2d at 469).

▮ Penal Law § 400.00 contains similarly detailed provisions. For example, it delegates investigation of every application for a firearms license to each county where such application was made (*see* Penal Law § 400.00 [4]). The statute also provides that each firearms license shall specify the firearm for which it is valid and include a photograph of the license holder that was taken no more than 30 days prior to the submission of the application, and requires that any license issued to "an alien, or . . . a person not a citizen of and usually a resident in the state," shall state "the particular reason for the issuance and the names of persons certifying to the good character of the applicant" (Penal Law § 400.00 [7]; *see* Penal Law § 400.00 [3]).

---

**11.** *See* Penal Law § 400.00 *et seq.*; L 1967, ch 791, § 49; L 1971, ch 796, § 1; L 1971, ch 1097, § 82; L 1973, ch 593, § 1; L 1974, ch 1041, § 10; L 1980, ch 843, § 47; L 1981, ch 175, § 5; L 1982, ch 71, § 1; L 1985, ch 778, § 2; L 1988, ch 437, § 1; L 1990, ch 707, § 1; L 1993, ch 448, § 1; L 1993, ch 449, § 1; L 1996, ch 644, § 5; L 1997, ch 446, §§ 3, 4 ; L 1998, ch 378, § 8; L 2000, ch 189, §§ 18, 19.

Further, the statute specifies the types of available firearms licenses and the eligibility requirements for each (*see* Penal Law § 400.00 [1], [2]). In sum, as with the Alcoholic Beverage Control Law, Penal Law § 400.00 contains detailed provisions and, thus, evinces the Legislature's intent to preempt the field of firearm regulation.

In addition to the presence of the above factors, there is ample evidence to demonstrate that the Legislature intended Penal Law § 400.00 to preempt local laws with respect to firearm licensing (*see Matter of O'Connor v Scarpino*, 83 NY2d at 921). First, Penal Law § 400.00 evinces an intent to set forth a uniform system of firearm licensing in the state. As the Court of Appeals noted in *Matter of O'Connor v Scarpino* (83 NY2d at 920), Penal Law § 400.00 is the "*exclusive* statutory mechanism for the licensing of firearms in New York State" (emphasis added). As such, no locality may supplant the licensing requirements provided by Penal Law § 400.00, since to do so would undermine the system of uniform firearm licensing (*id.*). Our conclusion is further supported by the fact that a firearms license issued in any county in the state is valid in any other county within the state (*see* Penal Law 400.00 [6]).[12]

The amended ordinance interrupts this uniformity by imposing an additional requirement for lawful possession of a valid firearms license beyond the State's requirements. For example, under the amended ordinance, a holder of a license to possess a firearm who enters Nassau County with such firearm, does so at the risk that his or her handgun may be considered to be "deceptively colored," thus subjecting him or her to charges of violating the amended ordinance. In effect, the amended ordinance places a restriction on all licenses granted throughout the state, and deprives all licenses that were lawfully granted to owners of "deceptively colored" firearms of their stated benefits. If each of New York's 62 counties enacted ordinances that placed additional restrictions on licenses, as the amended ordinance effectively does, the uniformity in firearm licensing that the Legislature intended would be destroyed.

Second, "further evidence of the intent to pre-empt is . . . provided by the complete and detailed nature of the State scheme. Comprehensiveness and detail are important in

---

**12.** The statutory scheme, however, does provide for a specific exception in which a license to carry a firearm is not valid in the City of New York "unless a special permit granting validity is issued by the police commissioner of that city" (Penal Law 400.00 [6]).

determining the existence of an intent to pre-empt" (*Matter of Ames v Smoot*, 98 AD2d at 220). The more comprehensive a statutory scheme, the less "room for local ordinances to operate" (*Dougal v County of Suffolk*, 102 AD2d at 533). Here, Penal Law § 400.00 restricts the realms in which local laws may operate and is very comprehensive. For instance, Penal Law § 400.00 governs, among other things, the eligibility for a firearms license, the types of available firearms licenses, the application process for obtaining a firearms license, the investigation process for each firearms license application, the filing of approved applications, the validity of issued firearms licenses, the form of each firearms license, and how firearms licenses must be exhibited and displayed (*see* Penal Law § 400.00 [1]-[8]). In sum, Penal Law § 400.00 leaves "no room for local ordinances to operate. Instead, the State statutes give localities detailed instructions concerning the procedures to be employed in" licensing firearms (*Dougal v County of Suffolk*, 102 AD2d at 533).

"Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute" (*Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d at 377). Thus, when the Legislature has demonstrated its intent to preempt the field, all local ordinances are preempted, regardless of whether they actually conflict with the state law (*id.; see Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d at 97; *People v De Jesus*, 54 NY2d at 468-470; *Matter of Ames v Smoot*, 98 AD2d at 217-219). Accordingly, in light of the comprehensive and detailed regulatory language and scheme of Penal Law § 400.00, which demonstrates the Legislature's intent to preempt the field of firearm regulation, we find that it preempts the amended ordinance.[13]

In light of our determination, we need not reach the appellants' remaining contention regarding whether the ordinance violates their rights under New York's Civil Rights Law.

---

**13.** The amended ordinance does contain a severability provision (*see* County of Nassau, Miscellaneous Laws, tit 69, § 8). However, here, not only was the entire amended ordinance challenged, but if this Court were to consider severability, we would need to strike so much of the amended ordinance that any remaining provisions would be of no effect (*see Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88, 94 [1989]; *People ex rel. Alpha Portland Cement Co. v Knapp*, 230 NY 48, 60 [1920], *cert denied* 256 US 702 [1921]).

Accordingly, the judgment is modified, on the law, by deleting the provisions thereof denying the petition and dismissing the proceeding insofar as asserted by the petitioner/plaintiff Alan J. Chwick, and substituting therefor provisions granting the petition insofar as asserted by the petitioner/plaintiff Alan J. Chwick and declaring that Nassau County Local Law No. 5-2008, as amended by Nassau County Local Law No. 9-2008, is preempted by Penal Law § 400.00; as so modified, the judgment is affirmed insofar as appealed from.

MASTRO, J.P., SANTUCCI and CHAMBERS, JJ., concur.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof denying the petition and dismissing the proceeding insofar as asserted by the petitioner/plaintiff Alan J. Chwick, and substituting therefor provisions granting the petition insofar as asserted by the petitioner/plaintiff Alan J. Chwick and declaring that Nassau County Local Law No. 5-2008, as amended by Nassau County Local Law No. 9-2008, is preempted by Penal Law § 400.00; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the petitioner/plaintiff Alan J. Chwick, payable by the respondents.