OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, defendant’s motion to dismiss the information is denied, and the matter is remitted to the District Court for all further proceedings.
Defendant was convicted in 2001 of possessing an obscene sexual performance (Penal Law § 263.11) and was subsequently classified as a level one sex offender under the Sex Offender Registration Act (SORA) (Correction Law art 6-C). After he had served 22 months in prison and been discharged from parole, defendant moved to a residence located approximately 500 feet from a school. Defendant was notified that he was in violation of Local Law No. 4-2006 of the County of Nassau, which prohibits, among other things, registered sex offenders from residing within 1,000 feet of a school. After defendant failed to relocate his residence, he was charged with violating Local Law 4-2006 and Nassau County Administrative Code § 8-130.6. Defendant moved to dismiss the information pursuant to CPL 170.30 (1) (f) on the ground that Local Law 4-2006 and Nassau County Administrative Code § 8-130.6 are preempted by state law. The District Court granted the motion.
“New York’s constitutional home rule provision (see NY Const, art IX, § 2 [c]) confers broad police powers upon local governments relating to the welfare of its citizens. Yet while local governments do possess broad authority to enact legislation that promotes the welfare of their citizens, it is well established that they cannot adopt laws that are inconsistent with the Constitution or with any general law of the *38 State. Thus, the power of local governments to enact laws is subject to the fundamental limitation of the preemption doctrine” (Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 133 [2011] [internal quotation marks and citations omitted]).
The state’s preemption doctrine precludes local legislation where an express conflict exists between state and local laws, or where the state has clearly evinced a desire to preempt an entire field (see DJL Rest. Corp. v City of New York, 96 NY2d 91, 95 [2001]; Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377 [1989]; Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91 [1987]; Matter of Chwick v Mulvey, 81 AD3d 161, 167 [2010]). Conflict preemption occurs when a local law prohibits that which a state law explicitly allows, or when a state law prohibits that which a local law explicitly allows (see Matter of Chwick, 81 AD3d at 168). Under the doctrine of field preemption, the enactment by the state legislature of a comprehensive and detailed regulatory scheme in a particular field is deemed to demonstrate an intent to preempt local laws regulating the same subject matter (see Sunrise Check Cashing & Payroll Servs., Inc., 91 AD3d at 135; Matter of Chwick , 81 AD3d at 169-170). In that event, local governments are precluded from enacting laws on the same subject matter whether or not they actually conflict with state law (see Matter of Chwick, 81 AD3d at 172), unless there is “clear and explicit authority to the contrary” (DJL Rest. Corp., 96 NY2d at 95 [internal quotation marks omitted]). When the legislature demonstrates its intent to preempt a particular subject matter, all local ordinances regarding that subject matter are preempted.
Penal Law § 65.10 (4-a) (a) imposes residency restrictions upon level three sex offenders or upon convicted sex offenders where their victims were under the age of 18 by precluding such offenders from residing within 1,000 feet of, among other things, a school, as a condition to probation or conditional discharge. In the instant case, defendant had been designated a level one sex offender, and he was not on probation when he moved to a residence located within 500 feet of a school. Penal Law § 65.10 (4-a) (a) does not apply to the facts herein, and we find no conflict between Local Law 4-2006 or Nassau County Administrative Code § 8-130.6 and Penal Law § 65.10 (4-a) (a) or any other state laws relating to residency restrictions of sex offenders (see Correction Law art 6-C; L 2008, ch 568; Executive Law § 243 [4]; Executive Law former § 259 [5]; Social Services Law § 20 [8] [a]).
*39 New York’s SORA is designed to “provide law enforcement with additional information critical to preventing sexual victimization and to resolving incidents involving sexual abuse and exploitation promptly” and give law enforcement the ability “to alert the public when necessary for the continued protection of the community” (L 1995, ch 192, § 1). The legislature recognized that the “proliferation of local ordinances imposing residency restrictions upon sex offenders, while well-intentioned, have [sic] made it more challenging for the State and local authorities to address the difficulties in finding secure and appropriate housing for sex offenders” (Sex Offender Housing Procedural Guidelines [9 NYCRR] § 365.3 [d] [5]), and directed the Division of Parole, the Division of Probation and Correctional Alternatives, and the Office of Temporary and Disability Assistance to “promulgate regulations to provide guidance concerning the placement and/or approval of housing for certain sex offenders” (9 NYCRR 365.3 [a]). In our opinion, the legislature has chosen to limit its regulations over sex offenders and not to enact a comprehensive legislative scheme in the area of law concerning the residency restrictions of sex offenders who are not on parole, probation, subject to conditional discharge or seeking public assistance. While the legislature has adopted a scheme with respect to registering sex offenders and notifying the public about sex offenders in their communities, we discern no express or implied sentiment by the legislature to occupy the entire area so as to prohibit localities from adopting laws concerning residency restrictions for sex offenders who are no longer on probation, parole supervision, subject to a conditional discharge or not seeking public assistance. “[T]hat the State and local laws touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area” (Incorporated Vil. of Nyack v Daytop Vil., 78 NY2d 500, 505 [1991] [internal quotation marks and citation omitted]). We find it implausible that there could be a need for statewide uniformity for residency restrictions for such sex offenders given the fact that housing in rural areas is not necessarily in as high demand as it is in urban areas. Thus, local governments are better situated to promote the welfare of their citizens by enacting legislation restricting the residency of sex offenders who are no longer on parole, probation, subject to a conditional discharge or seeking public assistance. We therefore hold that Local Law 4-2006 and Nassau County Administrative Code § 8-130.6 are not preempted by *40 state law (but see Doe v County of Rensselaer, 24 Misc 3d 1215[A], 2009 NY Slip Op 51456[U] [Sup Ct, Rensselaer County 2009]; People v Blair, 23 Misc 3d 902 [Albany City Ct 2009]; People v Oberlander, 22 Misc 3d 1124[A], 2009 NY Slip Op 50274[U] [Sup Ct, Rockland County 2009]).
Accordingly, the order granting defendant’s motion to dismiss the information is reversed, the motion denied, the accusatory instrument reinstated, and the matter remitted to the District Court for all further proceedings.
Nicolai, EJ., Iannacci and LaSalle, JJ., concur.