In the Matter of HIGHWAY SUPERINTENDENT ASSOCIATION OF ROCKLAND, INC., et al., Plaintiffs, and WAYNE BALLARD, as

the Town of Clarkstown, New York Superintendent of Highways, Respondent, v TOWN OF CLARKSTOWN et al., Appellants. [54 NYS3d 60]—

Appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 17, 2015. The order, insofar as appealed from, denied that branch of the respondents/defendants' motion which was, in effect, for summary judgment dismissing the cause of action seeking a declaratory judgment and granted the petitioner/plaintiff Wayne Ballard's cross motion for summary judgment making a declaration in his favor.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that Local Law No. 1-2012 of the Town of Clarkstown is void and of no effect.

The Superintendent of Highways of the Town of Clarkstown, Wayne Ballard, among others, commenced this hybrid proceeding pursuant to CPLR article 78 and action seeking, inter alia, a judgment declaring that Local Law No. 1-2012 of the Town of Clarkstown is illegal, unconstitutional, void, and preempted by the Highway Law. Local Law No. 1-2012 consolidated vehicle maintenance operations in the Town of Clarkstown into one central garage by transferring the authority to appoint and supervise automotive mechanics responsible for the repair, service, and maintenance of Highway Department vehicles from the Town of Clarkstown Highway Superintendent to the Town Board of the Town of Clarkstown (hereinafter the Town Board).

The respondents/defendants, the Town, the Town Supervisor, Alexander J. Gromack, and the members of the Town Board, in their official capacities, moved, inter alia, in effect, for summary judgment dismissing the declaratory judgment cause of action. Ballard opposed the motion and cross-moved for summary judgment declaring that Local Law No. 1-2012 is illegal and void. In an order dated February 17, 2015, the Supreme Court, among other things, denied that branch of the respondents/defendants' motion and granted Ballard's cross motion. The court concluded that Local Law No. 1-2012 was preempted by the Highway Law because it was in direct conflict with the power conferred upon the Highway Superintendent pursuant to Highway Law §§ 140 (4) and 142 (2). The respondents/defendants appeal.

"Under the doctrine of conflict preemption, a local law is

preempted by a state law when a 'right or benefit is expressly given . . . by . . . State law which has then been curtailed or taken away by the local law' " (*Matter of Chwick v Mulvey*, 81 AD3d 161, 167-168 [2010], quoting *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 97 [1987]; *see New York State Club Assn. v City of New York*, 69 NY2d 211, 217 [1987]). "Put differently, conflict preemption occurs when a local law prohibits what a state law explicitly allows, or when a state law prohibits what a local law explicitly allows" (*Matter of Chwick v Mulvey*, 81 AD3d at 168; *see Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761, 762-763 [1989]). "In determining the applicability of conflict preemption, we examine not only the language of the local ordinance and the state statute, but also whether the direct consequences of a local ordinance 'render illegal what is specifically allowed by State law' " (*Matter of Chwick v Mulvey*, 81 AD3d at 168, quoting *Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d at 764). "The crux of conflict preemption is whether there is 'a head-on collision between the . . . ordinance as it is applied' and a state statute" (*Matter of Chwick v Mulvey*, 81 AD3d at 168, quoting *Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d at 764).

The Supreme Court properly denied that branch of the respondents/defendants' motion which was, in effect, for summary judgment dismissing the declaratory judgment cause of action, and properly granted Ballard's cross motion for summary judgment. Local Law No. 1-2012 transferred the power to appoint and supervise automotive mechanics who repair, service, and maintain Highway Department equipment from the Highway Superintendent to the Town Board. However, under Highway Law § 140 (4), the Legislature vested the Highway Superintendent with the duty to, "[w]ithin the limits of appropriations[,] employ such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow, subject to the approval of the town board, and provide for the supervision of such persons." The words "subject to the approval of the town board" refer to the maintenance and repair of highways and bridges, and the removal of snow therefrom, not to the employment of persons (*see Matter of Clarke v Town of Russia*, 257 App Div 703, 703 [1939], *revd on other grounds* 283 NY 272 [1940]; *Matter of Hiscox v Holmes*, 237 App Div 240, 241 [1932]; *Matter of Straub v Holbert*, 145 Misc 2d 46, 50 [1989]). Therefore, Highway Law § 140 (4) grants the Highway Superintendent the authority to employ, and to provide for the

supervision of, automotive mechanics who maintain, repair, and service highway equipment, without approval from the Town Board, because these automotive mechanics may be necessary for the maintenance and repair of Town highways and bridges, and the removal of snow therefrom (*see* 31 Ops St Comp No. 233 at 31-32 [1975]; 30 Ops St Comp No. 614 at 98-99 [1974]). Additionally, pursuant to Highway Law § 142 (2), "[a]ll tools, implements and other highway equipment owned either by the town or the highway districts therein" are "under the control" of the Highway Superintendent and shall "be cared for by him at the expense of the town." Local Law No. 1-2012 effectively prevents the Highway Superintendent from being able to control and care for highway equipment by vesting the Town Board with the authority to supervise the automotive mechanics who repair, service, and maintain this equipment. Accordingly, the Supreme Court properly determined that the Town of Clarkstown's attempt to control the appointment and supervision of automotive mechanics who repair, service, and maintain Highway Department equipment by enactment of Local Law No. 1-2012 is in conflict with existing state law (*see generally Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761 [1989]; *Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 91 AD3d 126, 126 [2011]).

In light of our determination, we need not reach Ballard's remaining contention.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that Local Law No. 1-2012 is void and of no effect (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.