Hunters for Deer, Inc. v Town of Smithtown (2020 NY Slip Op 04542)





Hunters for Deer, Inc. v Town of Smithtown


2020 NY Slip Op 04542


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-06959
 (Index No. 623373/17)

[*1]Hunters for Deer, Inc., et al., appellants,
v
Town of Smithtown, respondent.


Killoran Law, P.C., Westhampton Beach, NY (Christian D. Killoran of counsel), for appellants.
Matthew V. Jakubowski, Town Attorney, Smithtown, NY (Jacqueline A. Fink of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 21, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on so much of the complaint as sought a declaration that chapter 160 of the Code of the Town of Smithtown is invalid as applied to the discharge setback of a bow and arrow, and granted that branch of the defendant's cross motion which was for summary judgment dismissing that part of the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment on so much of the complaint as sought a declaration that chapter 160 of the Code of the Town of Smithtown is invalid as applied to the discharge setback of a bow and arrow is granted, that branch of the defendant's cross motion which was for summary judgment dismissing that part of the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that chapter 160 of the Code of the Town of Smithtown is invalid as applied to the discharge setback of a bow and arrow.
The plaintiff Michael Lewis is a New York State licensed hunter and president of the plaintiff Hunters for Deer, Inc., a not-for-profit corporation. The plaintiffs commenced this action against the defendant, Town of Smithtown, to stay enforcement of chapter 160 (hereinafter the ordinance) of the Code of the Town of Smithtown (hereinafter the Town Code), and for a declaratory judgment invalidating the ordinance as preempted by State law.
The ordinance prohibits the discharge of firearms in "all areas" in the Town (Town Code § 160-4), subject to certain specified exceptions (see Town Code § 160-5). These exceptions permit the discharge of firearms "upon one's own property and upon the property of another with the written consent of the landowner," but prohibit such discharge "within 500 feet from a dwelling, school or occupied structure, or a park, beach, playground or any other place of outdoor recreational or nonrecreational activities" (Town Code § 160-5[a]). The ordinance further defines a "firearm" as a "weapon which acts by the force of gunpowder or from which a shot is discharged by the force of an explosion, as well as an air rifle, an air gun, a BB gun, a slingshot and a bow and arrow" (Town Code § 160-2 [emphasis added]).
After issue was joined, the plaintiffs moved for summary judgment on the complaint, and the Town cross-moved for summary judgment dismissing the complaint. In an order dated May 21, 2018, the Supreme Court denied the plaintiffs' motion and granted the Town's cross motion. The plaintiffs now appeal from so much of the order as denied that branch of their motion which was for summary judgment on so much of the complaint as sought a declaration that the ordinance was invalid as applied to the discharge setback of a bow and arrow, and granted that branch of the defendant's cross motion which was for summary judgment dismissing that part of the complaint.
The constitution of New York State "confers broad police power upon local government relating to the welfare of its citizens" (New York State Club Assn. v City of New York, 69 NY2d 211, 217, affd 487 US 1; see NY Const, art IX, § 2[c]). However, "local governments may not exercise their police power by adopting a law inconsistent with . . . any general law of the State" (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96). "[C]onflict preemption occurs when a local law prohibits what a state law explicitly allows, or when a state law prohibits what a local law explicitly allows" (Matter of Chwick v Mulvey, 81 AD3d 161, 168).
Here, we agree with the plaintiffs that, to the extent that the ordinance purports to regulate the discharge setback of a bow and arrow within the Town, it is invalid as preempted by State law. The New York Environmental Conservation Law (hereinafter ECL) provides specific discharge setback requirements for firearms, cross bows, and longbows. ECL 11-0931(4)(a)(2) provides, with certain exceptions, that "[n]o person shall . . . discharge a firearm within five hundred feet, a long bow within one hundred fifty feet, or a crossbow within two hundred fifty feet from a dwelling house, farm building or farm structure actually occupied or used, school building, school playground, public structure, or occupied factory or church" (emphasis added). The term "firearm" is defined, for the purposes of the ECL, as "any rifle, pistol, shotgun or muzzleloading firearm which by force of gunpowder, or an airgun . . . , that expels a missile or projectile capable of killing, wounding or otherwise inflicting physical damage upon fish, wildlife or other animals" (6 NYCRR 180.3[a]). This definition of "firearm" plainly does not encompass a bow and arrow.
Town Code § 160-2 defines a "firearm" to include a bow and arrow, and the subject ordinance thereby purports to prohibit, with certain exceptions, the discharge of a bow and arrow in any area of the Town "within 500 feet from a dwelling, school or occupied structure, or a park, beach, playground or any other place of outdoor recreational or nonrecreational activities" (Town Code § 160-5). Thus, the ordinance seeks to prohibit the discharge of a bow and arrow in circumstances where, under State law, discharge of a bow and arrow is allowed (see ECL 11-0931[4][a][2]; see generally Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs, 74 NY2d 761, 764-765).
The plaintiffs therefore met their burden of demonstrating, prima facie, that the challenged ordinance, insofar as applied to the discharge setback of a bow and arrow, was preempted by the conflicting provisions in ECL 11-0931(4)(a)(2) and 6 NYCRR 180.3(a).
In opposition, the Town failed to raise a triable issue of fact sufficient to defeat summary judgment. The Town incorrectly contends that its ability to regulate the discharge setback of a bow and arrow is expressly authorized by Town Law § 130(27). That statute vests certain municipalities, including the Town, with the power to pass ordinances "prohibiting the discharge of firearms in areas in which such activity may be hazardous to the general public or nearby residents," provided that "[t]hirty days prior to the adoption of any ordinance changing the five hundred foot rule, a notice must be sent to the regional supervisor of fish and game of the environmental conservation department, notifying him of such intention" (Town Law § 130[27]). However, that statute is premised upon a definition of the term "firearm" that does not include a bow and arrow.
The Town unpersuasively contends that it is free to define for itself the meaning of "firearm," as used in Town Law § 130(27), so as to include "bow and arrow." Although Town Law § 130(27) does not expressly define "firearm," it can be readily inferred that the term is used in the same manner as in ECL 11-0931(4), which explicitly distinguishes between firearms and bows in setting forth discharge setback requirements (see ECL 11-0931[4][a][2]; see also 6 NYCRR 180.3[a] [defining "firearm" for purposes of ECL article 11]). Indeed, the mention of the "five hundred foot rule" in Town Law § 130(27) refers to the five-hundred-foot discharge setback required under ECL 11-0931(4). Construed in pari materia, these two statutory provisions employ the same terminology to regulate the same subject matter, and demonstrate that the Town may not regulate the discharge [*2]setback of a bow and arrow in a manner inconsistent with State law.
We therefore remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the ordinance is invalid as applied to the discharge setback of a bow and arrow (see Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 140, affd 20 NY3d 481).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court