OPINION OF THE COURT
 

 Bellacosa, J.
 

 This case and appeal concern the "Superfund” regulatory scheme, enacted by the Legislature and enforced by the Department of Environmental Conservation (DEC), addressing the enormous environmental problems associated with inactive hazardous waste disposal sites. When a threat to the environment from such sites becomes "significant”, appellant DEC is statutorily empowered to order the landowner or polluter to develop and implement a remedial clean-up program. The core of the statutory and regulatory scheme is the definition and determination of
 
 ”significant
 
 threat” and this litigation has thus far successfully challenged the implementing authority, the specificity and the sweep of the DEC actions.
 

 New York State Superfund Coalition, Inc., a not-for-profit corporation, on behalf of itself and its members, sued in proceeding No. 1 for article 78 relief and for a declaration of invalidity of the regulation of the State Commissioner of Environmental Conservation (Commissioner) defining a "significant threat” as beyond the enabling statute
 
 (see, Boreali v Axelrod,
 
 71 NY2d 1, 9). Central Hudson Gas & Electric Corporation and various other utilities sued in proceeding No. 2 for essentially the same relief on similar grounds. Supreme Court joined the two proceedings, declared the regulation invalid and annulled its entire regulatory framework. The Appellate Division affirmed and we granted to the State Commissioner and DEC leave to appeal. We agree with the lower courts and affirm the order appealed.
 

 
 *92
 
 The Commissioner, pursuant to statutory authority (ECL 27-1315), promulgated 6 NYCRR part 375, effective April 16, 1987, as the regulatory rubric for the operation of ECL, article 27, title 13. ECL 27-1313 (3) (a) provides: "Whenever the commissioner finds that hazardous wastes at an inactive hazardous waste disposal site constitute a significant threat to the environment, he may order the owner of such site and/or any person responsible for the disposal of hazardous wastes at such site (i) to develop an inactive hazardous waste disposal site remedial program, subject to the approval of the department, at such site, and (ii) to implement such program within reasonable time limits specified in the order.” The portion of the regulatory framework at issue provides in pertinent part: "Upon a consideration of the findings of fact required by subdivision (b) of this section, the commissioner may determine that a significant threat to the environment exists when hazardous wastes at an inactive hazardous waste disposal site either actually or potentially: (1) violate any New York State environmental quality standard; (2) contaminate groundwater, surface water, flora, fauna or air; (3) pose a hazard to human health or the environment” (6 NYCRR 375.5 [c]).
 

 Before a "significant threat” determination is made and the power to order a remedial program is invoked, the DEC must hold a hearing (6 NYCRR 375.5 [a]) and make specific findings as to the type and manner of disposal of the hazardous wastes on the site and various other factors indicating the site’s impact on its particular environment (6 NYCRR 375.5 [b]). The next subsection, 6 NYCRR 375.5 (c), allows the Commissioner to determine, based on the findings, "that a significant threat to the environment exists when hazardous wastes at an inactive hazardous waste disposal site either actually or
 
 potentially:
 
 (1) violate any New York State environmental quality standard; (2) contaminate groundwater, surface water, flora, fauna or air; (3) pose a hazard to human health or the environment”, plus four other instances which would allow the Commissioner to declare a "significant threat” exists (6 NYCRR 375.5 [c] [4]-[7] [emphasis added]). The core nature and pervasive impact of this portion of the regulation belies appellants’ claim that it is merely "procedural” and therefore resistant to our substantive analysis.
 

 The axiom that an agency’s authority must coincide with its enabling statute opens that analysis
 
 (Matter of Tze Chun Liao v New York State Banking Dept.,
 
 74 NY2d 505, 510;
 
 Matter of Campagna v Shaffer,
 
 73 NY2d 237, 243). Here, ECL, article 27,
 
 *93
 
 title 13 focuses its purpose on the identification, classification and cleanup of inactive hazardous waste disposal sites. The statute defines hazardous waste as that which may "[p]ose a substantial present or potential hazard to human health or the environment” (ECL 27-1301 [1] [b]). Its own qualifying specificity requires a showing that the presence of hazardous wastes constitutes a
 
 "significant threat”
 
 before the DEC can order remedial action (ECL 27-1301 [1] [b]; 27-1313 [3]). By its plain language, therefore, and to avoid an otherwise tautological standard, more than the mere presence of hazardous waste —which is always potentially hazardous — must be proven before a "significant threat” declaration under this regulatory scheme can be justified.
 

 The promulgation of 6 NYCRR 375.5 (c) by the Commissioner bestows upon himself the power to bypass or shortcut the legislative prescription and is thus beyond the express specification in the statute itself. The regulation allows the Commissioner to determine the existence of a "significant threat” at any inactive hazardous waste disposal site which simply "potentially * * * pose[s] a hazard to human health or the environment” (6 NYCRR 375.5 [c] [3]). By equating the statute’s definition of "hazardous waste” with "significant threat”, the regulation removes the specific qualifier, however subtle it may be, in the semantical and conceptual sense. Since the Legislature kept the concepts separate, so must the Commissioner. The distinction is indeed crucial; the Legislature required that the "significant threat” finding be traced into a factual record (ECL 27-1315;
 
 see also,
 
 27-1305 [4] [b] [1]-[5] [setting forth five categories of sites where hazardous wastes are present and concluding three of them do
 
 not
 
 pose a "significant threat”]).
 

 The regulation poses an additional problem by allowing the Commissioner to make the "significant threat” decision on factual findings indicating that wastes at a site "either actually
 
 or potentially”
 
 causes the environmental harms listed in 6 NYCRR 375.5 (c) (l)-(7) (emphasis added). Inasmuch as hazardous wastes by statutory definition inherently suffer the
 
 potential
 
 to cause harms, their mere presence would automatically support a "significant threat” determination under any of the 6 NYCRR 375.5 (c) factors in contravention of the statutory qualification, both substantively and procedurally.
 

 This administrative arcing is not unlike that struck down in
 
 Matter of Campagna v Shaffer
 
 (73 NY2d 237,
 
 supra),
 
 where
 
 *94
 
 the Secretary of State’s nonsolicitation orders to real estate brokers impermissibly interdicted
 
 "all
 
 broker-initiated solicitation, not just the
 
 illegal
 
 solicitation as targeted by the Legislature.”
 
 (Id.,
 
 at 243 [emphasis in original].) Here, the DEC regulation would allow remedial programs to be ordered for
 
 all
 
 inactive hazardous waste disposal sites, not just those which pose a "significant threat” as targeted by the Legislature
 
 (see also, Council for Owner Occupied Hous. v Abrams,
 
 72 NY2d 553, 558). Thus, we agree with the courts below that 6 NYCRR 375.5 (c) is invalid.
 

 We turn finally to the severability question of whether the rest of the 6 NYCRR part 375 can survive without subsection 375.5 (c). In a statutory context, our test for sever-ability has been whether the Legislature "would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether.”
 
 (People ex rel. Alpha Portland Cement Co. v Knapp,
 
 230 NY 48, 60 [Cardozo, J.].) Applying the statutory severability standard to this regulation case — without deciding whether it is on a par in all respects — the best evidence of the Commissioner’s intent is his "Severability” clause in 6 NYCRR 375.11. It provides simply that if any provision of part 375 is held invalid, the remainder of the part "shall not be affected thereby”. However, the "significant threat” standard is the core of this part and is interwoven inextricably through the entire regulatory scheme of 6 NYCRR 375.5
 
 (see, Matter of Levine v Whalen,
 
 39 NY2d 510, 519). Thus, judicial excision of that provision to let the rest survive is inappropriate. In addition, faced with a virtually identical clause in a different regulatory context, we said: "It would be pragmatically impossible, as well as jurisprudentially unsound, for us to attempt to identify and excise particular provisions while leaving the remainder * * * intact, since the product of such an effort would be a regulatory scheme that neither the Legislature nor the [agency] intended.”
 
 (Boreali v Axelrod,
 
 71 NY2d,
 
 supra,
 
 at 14.)
 

 Having determined this case on these fundamental grounds, it is unnecessary, as the lower courts also concluded, to address the other issues.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
 

 Order affirmed, with costs.