■ In the Matter of GEORGE A. ROBINSON & Co., INC., Petitioner, v LANGDON MARSH, as Acting Commissioner of New York State Department of Environmental Conservation, et al., Respondents. [643 NYS2d 849] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: In this CPLR article 78 proceeding, transferred to this Court by Supreme Court, petitioner seeks, pursuant to ECL 27-1313 (4), to annul the determination of the New York State Department of Environmental Conservation (respondent), which found that petitioner's property was an inactive hazardous waste disposal site that constituted a significant threat to the environment. Petitioner contends that respondent's determination, which is contrary to the findings of the Administrative Law Judge who conducted an extensive hearing and issued a lengthy report, is not supported by substantial evidence. We agree.

It is undisputed that, at the time of the hearing in this matter, the regulations enacted to implement ECL 27-1313 (3) (a) had been declared invalid (*see, Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88). Thus, there were no regulations then in effect that defined the critical statutory language "significant threat to the environment" (ECL 27-1313 [3] [a]). "[M]ore than the mere presence of hazardous waste—which is always potentially hazardous—must be proven before a 'significant threat' declaration under this regulatory scheme can be justified" (*Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation, supra*, at 93). Upon our review of the record, we agree with the finding of the Administrative Law Judge that the record is insufficient to support a conclusion that hazardous waste on the site constitutes a significant threat to the environment. Thus, under the circumstances of this case, we conclude that respondent's determination is not supported by substantial evidence in the record (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176), and we grant the petition. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Kehoe, J.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.