■ In the Matter of NEW YORK STATE SUPERFUND COALITION, INC., Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [892 NYS2d 594]—

Stein, J.

In 1979, the Legislature created the State Superfund Program to address the threats associated with inactive hazardous waste disposal sites (*see* ECL art 27, tit 13).[1] Respondent Department of Environmental Conservation (hereinafter DEC) is responsible for administering the program. Pursuant to statute, DEC is empowered to require the development and implementation of remedial programs for sites at which the Commissioner of Environmental Conservation determines that the accumulated hazardous wastes "constitute a significant threat to the environment" (ECL 27-1313 [3] [a]; *see* ECL 27-1313 [1]). In accordance with the Commissioner's authority to "promulgate rules and regulations necessary and appropriate" to carry out the purposes of the State Superfund Program (ECL 27-1315 [1]), 6 NYCRR part 375 was promulgated.

Petitioner, a not-for-profit corporation with members who own property that is or may be subject to the State Superfund Program, commenced this combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment to challenge various regulations relating to the State Superfund

---

1. An inactive hazardous waste disposal site is "any area or structure used for the long term storage or final placement of hazardous waste" where no permit or authorization has been issued for the disposal of hazardous waste (ECL 27-1301 [2]).

Program. Supreme Court invalidated 6 NYCRR 375-2.8 (a) and 375-1.8 (f) (9)[2] on the basis that DEC exceeded its statutory authority in promulgating these regulations. Respondents now appeal.

Pursuant to ECL 27-1313 (5) (d), "[t]he goal of any [inactive hazardous waste disposal site] remedial program shall be a complete cleanup of the site through the elimination of the significant threat to the environment posed by the disposal of hazardous wastes at the site and of the imminent danger of irreversible or irreparable damage to the environment caused by such disposal." Prior to amendments made in 2006, the regulations provided that the goal of such a remedial program was "to restore that site to pre-disposal conditions, to the extent feasible *and authorized by law*. At a minimum, the remedy selected shall eliminate or mitigate all significant threats to the public health and to the environment presented by contaminants disposed at the site . . . in a manner not inconsistent with [applicable federal law]" (6 NYCRR former 375-2.8 [a] [emphasis added]). However, that regulation was amended in 2006 to, among other things, delete the explicit requirement that the goal of restoring a particular site to predisposal conditions be authorized by law. The lawfulness of the goal, as revised, is at issue here. Petitioner contends—and Supreme Court found—that the elimination of the words "and authorized by law" impermissibly requires cleanup to a more stringent standard than that set forth in the enabling statute because elimination of a significant threat does not necessarily require return to predisposal conditions.

We disagree. Where a statute is ambiguous and its interpretation "involves specialized 'knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom,' [we] defer to the administrative agency's interpretation unless irrational or unreasonable" (*Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005], quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *see Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 667 [1998]). In setting forth the goal of a hazardous waste site remedial program, ECL 27-1313

2. This regulation sets forth one of the factors to be considered in selecting a remedy for a contaminated site and makes direct reference to land use "where cleanup to pre-disposal conditions is determined not feasible" (6 NYCRR 375-1.8 [f] [9] [i]). Although Supreme Court also invalidated 6 NYCRR 375-2.2 (i) (7), respondents expressly abandoned any challenge to that determination. Furthermore, petitioner did not appeal from Supreme Court's dismissal of petitioner's application with regard to 6 NYCRR 375-1.8 (g) (5).

(5) (d)—the statute from which 6 NYCRR 375-2.8 (a) is derived—refers both to a complete cleanup of the site and to the elimination of the significant threat to the environment. In our view, the language of that statute is ambiguous and DEC's interpretation of the remedial goal set forth in ECL 27-1313 (5), as articulated in the current regulations, is reasonable. Of particular note is that 6 NYCRR 375-2.8 (a) specifically references the goal that the remedy "eliminate . . . all significant threats" and limits the requirement of restoration to predisposal conditions "to the extent [that such restoration is] feasible."

Significantly, the regulations at issue here apply only when DEC has already determined that a significant threat to the environment exists (*see* ECL 27-1313 [3]) and, therefore, do not render the statutory threshold superfluous (*compare Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88, 93 [1989]). Furthermore, the regulatory goal is consistent with the statutory definition of "inactive hazardous waste disposal site remedial program" (ECL 27-1301 [3]), which is broad enough to allow the employment of a wide range of methods and may address even "potential hazards" once DEC has made the threshold determination that remediation is necessary.

Additionally, "[w]here the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence" (*Engle v Talarico*, 33 NY2d 237, 242 [1973]; *see Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 157 [1987]). The regulations challenged here have been in place since 2006 and the remedial goal promulgated therein is identical to the goal promulgated in 1992, but for the proviso that it be limited to the extent "authorized by law."[3] The Legislature's acquiescence thereto must be inferred based upon its failure to clarify or change the remedial goal. Thus, inasmuch as the remedial goal set forth in 6 NYCRR 375-2.8 (a) and referenced in 6 NYCRR 375-1.8 (f) (9) is consistent with the State Superfund Program's statutory scheme and DEC acted within its statutory authority, we conclude that Supreme Court erred in vacating these regulations.

Cardona, P.J., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to annul 6 NYCRR 375-2.8 (a) and 375-1.8 (f) (9); petition dismissed to that extent; and, as so modified, affirmed.

---

**3.** Upon reviewing the legislative history, we agree with DEC's contention that such language was mere surplusage.