This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------
No. 222
The People &c.,
            Appellant,
          v.
On Sight Mobile Opticians,
            Respondent.




            Jonathan Sinnreich, for appellant.
            Raymond Negron, for respondent.




MEMORANDUM:

            The order of the Appellate Term should be reversed and the judgments of District Court reinstated.

            On May 3, 2011, a town investigator with the Town of

- 1 -

Brookhaven (Town), filed five informations (subsequently superseded) against On Sight Mobile Opticians (On Sight). Each information charged On Sight with violating § 57A-11 of the Town Code of the Town of Brookhaven (Town Code) by placing a sign advertising its opticians' business on public property, and included the precise address and location of the offending sign. Section 57A-11, entitled "Signs, posters and stickers prohibited on public property," states as follows:

> "Prohibitions. With the exception of any sign created by the Town, county, state or other governmental entity and all signs pertaining to traffic regulations, parking regulations and fire zones which are subject to the rules and regulations of the New York State Vehicle and Traffic Law, no sign, poster, sticker, flag or advertising device shall be located within or upon the right-of-way of any Town, state or county road or highway or upon any Town, county or state or other publicly owned land, or upon any utility pole, tree, fence, or any other structure or object thereupon" (Town Code § 57A-11 [B]).

Section 57A-11 is a section within the Town Code's chapter 57A, entitled "Signs."

By motion dated June 20, 2011, On Sight sought a determination that chapter 57A is unconstitutional and a dismissal of the accusatory instruments. After District Court rejected its constitutional challenge, On Sight pleaded guilty to each of the informations on February 9, 2012, and then appealed. By order dated July 8, 2013, the Appellate Term held that section 57A-11, "considered in isolation, represent[ed] a constitutional exercise of the Town's zoning authority," but that "considered as a whole, chapter 57A unconstitutionally favor[ed] commercial

speech over noncommercial speech" (40 Misc 3d 95, 101 [App Term, 2d Dept 2013]); specifically, chapter 57A permitted commercial advertising "in every zoning district aside from public lands and roads, and bar[red] noncommercial speech in most contexts in which commercial speech [was] allowed" (id. at 102). After concluding that the unconstitutional portions of chapter 57A could not be severed from the constitutional parts, the court reversed the judgments of conviction against On Sight, dismissed the informations and remitted fines paid, if any. A Judge of this Court granted the People's application for leave to appeal (22 NY3d 958 [2013]), and we now reverse.

"In a statutory context, our test for severability has been whether the Legislature would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether" (Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation, 75 NY2d 88, 94 [1989] [internal quotations marks omitted]). In Superfund Coalition, for example, the unconstitutional portion was at the "core" of the statute, and "interwoven inextricably through the entire regulatory scheme" (id.). By contrast, section 57A-11 deals only with signs posted on public property, a discrete regulatory topic and regime. This is reinforced by section 57A-11 (A), which explains the provision's purpose and focuses entirely on the unique problems posed by signs on public right-of-ways. In light of section 57A-11's independent legislative purpose, this provision

can be severed from any unconstitutional portions of chapter 57A. We therefore need not and do not consider the constitutionality of any part of chapter 57A except section 57A-11.

The People argue that section 57A-11 is a content-neutral ban on the placement of signs on public property within the Town as a matter of law under the United States Supreme Court's holding in Members of City Council of City of Los Angeles v Taxpayers for Vincent (466 US 789 [1984]). In that case, section 28.04 of the Los Angeles Municipal Code, which prohibited the posting of signs on public property, was challenged as an unconstitutional abridgement of First Amendment rights (id. at 791-792). The Court upheld the ordinance, reasoning that "municipalities have a weighty, essentially esthetic interest in proscribing intrusive and unpleasant formats for expression" (id. at 806). Accordingly, the Court held, "an accumulation of signs posted on public property . . . constitutes a significant substantive evil within the City's power to prohibit" (id. at 807). In so holding, the Court emphasized that the ordinance was content neutral, and that even though the City had eliminated signs on public property, it had not extended this ban to private property (id. at 811).

Section 57A-11 of the Town Code is constitutionally indistinguishable from the Los Angeles provision analyzed by the Supreme Court in City of Los Angeles. It imposes a content-neutral ban on all signs on public property, and applies to both

commercial and non-commercial signs without consideration of their content.  Further, it directly serves the Town's valid interests in traffic safety and aesthetics, as expressly articulated in section 57A-11 (A).  Finally, we have reviewed On Sight's remaining arguments and consider them to be without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and judgments of the Sixth District Court, Suffolk County, reinstated, in a memorandum.  Chief Judge Lippman and Judges Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Decided December 16, 2014