OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Justice Court for all further proceedings.
A judgment of foreclosure was entered in the Supreme Court, Nassau County, on April 29, 2013, with respect to premises which defendant owned in the Village of Roslyn, Nassau County. On October 18, 2012, before the judgment of foreclosure had been entered, eight verified informations were signed by a code enforcement officer for the Village of Roslyn, charging defendant with violating Roslyn Village Code §§ 190-26 (C); 265-12 (C); 353-5 (A) (4), (8), (12); (B) (1), (4) and (9), respectively.
On July 22, 2014, defendant’s cases were on the Justice Court’s calendar and, when the cases were called, defendant was not present. The prosecutor told the court that defendant had been informed by a letter from the clerk of the court “that a conference had been set for this evening at 6:00 p.m., and his failure to appear would result in a default judgment being entered against him for the maximum fine permitted under the law,” that defendant had “acknowledged receipt of the letter,” and that, “in fact, . . . the matter was on tonight.” The prosecutor then stated that since it was after 6:00 p.m., “the People would make an application for a default judgment being entered in his absence, seeking the maximum fine of $1,000 per violation, and there being eight violations pending against *64 Mr. Malekan . . . that a fine of $8,000 be levied against him and entered in this Court.” The Justice Court agreed, and a single judgment convicting defendant of the eight violations was rendered on default, imposing a total of $8,000 in fines.
Defendant appeared in court later that night, and the court agreed to “allow him some latitude to be heard [but] not much.” The court offered to entertain a motion to vacate the default judgment, although the court stated that it did not think defendant would prevail. The court declined to vacate the default judgment “on an oral motion hours after the judgment was entered.” The court adjourned at 8:20 p.m. Defendant did not make a written motion to vacate the default judgment but filed a notice of appeal therefrom.
In a civil case, no appeal lies on the part of a defaulting defendant from a default judgment, because the defendant is deemed to have acquiesced as to liability, and is, therefore, not aggrieved by such a judgment (see CPLR 5511). To obtain relief from a default judgment, the defendant would ordinarily have to move to vacate such judgment, and, upon the denial of the motion, the order would be appealable. However, we find that there is no bar to the appeal of the default judgment of conviction in this criminal action, since a default judgment cannot apply in a criminal case. Moreover, as set forth more fully below, a default judgment generally cannot be entered in a criminal case (cf CPL 600.20 [a criminal default judgment can be entered against a corporation]), and, thus, it cannot be said that an individual defendant in a criminal action acquiesces to a finding of guilt merely by his absence; a guilty verdict must always be based on evidence establishing an individual defendant’s guilt beyond a reasonable doubt (see CPL 70.20).
Although not raised by defendant on appeal, the Justice Court did not have the legal authority to convict defendant of eight violations of the Roslyn Village Code, each of which carries penalties of up to 15 days of incarceration and/or a $1,000 fine (see Roslyn Village Code §§ 1-8 [B]; 190-34, 265-42, 353-11), by way of a default judgment. The guilt of an offense must be established beyond a reasonable doubt. Penal Law § 10.00 (1), in pertinent part, defines an “[o]ffense” as “conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state.” Penal Law § 10.00 (3) defines a “Violation” as “an offense, other than a ‘traffic infraction,’ for which a sentence to a term of imprison *65 ment in excess of fifteen days cannot be imposed.” CPL 70.20, entitled "Standards of proof for conviction,” provides that “[n]o conviction of an offense by verdict is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant’s commission thereof.”
In view of the foregoing, the default judgment of conviction entered in this case cannot stand. Indeed, in People v Epps (37 NY2d 343, 348 [1975]), the Court of Appeals stated that there is “an innate aversion to default judgments in criminal matters.” While defendant could have been tried in absentia, if defendant had been provided with Parker warnings (see People v Parker, 57 NY2d 136, 142 [1982]; People v June, 116 AD3d 1094, 1095 [2014]; People v Constas, 59 AD3d 729, 730 [2009]), there is nothing in the record indicating that defendant had been so informed. In any event, no trial has been conducted in this case.
On appeal, defendant argues that the accusatory instruments should be dismissed because he was not served with eight appearance tickets issued by a village code enforcement officer and because, in any event, they are jurisdictionally defective.
Defendant does not dispute that he made several court appearances in this case. Thus, he submitted to the court’s jurisdiction whether or not he was served with appearance tickets (see People v Repanti, 40 Misc 3d 131 [A], 2013 NY Slip Op 51132 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013], aff'd 24 NY3d 706 [2015]; People v Lavidas, 36 Misc 3d 160[A], 2012 NY Slip Op 51827[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
To be facially sufficient, an information must contain non-hearsay factual allegations of an evidentiary character which establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Taffet, 54 Misc 3d 21 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to meet these requirements may be asserted at any time, with the exception of a claim that the factual allegations of an information are based on hearsay, which must be raised by motion in the trial court (see People v Casey, 95 NY2d at 354). The law does not require that the most precise words or phrases which most *66 clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360). In the case at bar, we find that the verified informations contain sufficient factual allegations which, affording them a fair and not overly restrictive or technical reading, meet the requisite facial sufficiency requirements.
In light of our determination, we need not reach defendant’s ineffective assistance of counsel claim.
We note that, as there are eight accusatory instruments, the Justice Court is required to render a judgment with respect to each accusatory instrument, rather than disposing of all eight instruments in a single judgment.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for all further proceedings.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.