The People of the State of New York, Respondent,
against
Jack J. Cucceraldo, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Martin J. Kerins, J.H.O.), rendered December 6, 2017. The judgments convicted defendant, upon his failure to appear at trial, of operating a motor vehicle without insurance, unlicensed operation of a motor vehicle, operating a motor vehicle upon a public highway while using a mobile telephone, and operating a motor vehicle without distinctive number license plates, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, the fines and surcharges, if paid, are remitted, and the matters are remitted to the District Court for all further proceedings.
Defendant was charged with operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]), and operating a motor vehicle without distinctive number license plates (Vehicle and Traffic Law § 402 [1]). In a letter from the Suffolk County Traffic and Parking Violations Agency (SCTPVA) dated November 13, 2017, the court acknowledged [*2]that defendant had requested a trial. Defendant was notified by letter dated November 22, 2017 that a trial was scheduled for December 6, 2017, at 1:30 p.m. The letter states, in part:
"If you fail to answer at that time, THE COURT MAY ISSUE A WARRANT FOR YOUR ARREST OR PROCEED IN YOUR ABSENCE AND YOU WILL BE LIABLE FOR ANY SENTENCE AND/OR FEES IMPOSED, INCLUDING INCARCERATION, AND other penalties permitted by law."
When defendant failed to appear for the scheduled trial, the court entered judgments against defendant without conducting a trial, and sentenced defendant to fines, and surcharges and administrative fees were imposed. On appeal, defendant contends, among other things, that the default judgments were improper. The People argue, among other things, that, pursuant to article 2-A of the Vehicle and Traffic Law, the SCTPVA may enter a default judgment against defendant.
While Vehicle and Traffic Law § 1806-a (4) permits "a default judgment or a fine" to be entered against a defendant who has been charged with a traffic infraction but failed to "answer within the time specified," the statute expressly provides that "[w]hen a person has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the hearing which shall be scheduled by the traffic and parking violations agency." As defendant pleaded not guilty to the four charges and requested a trial, and since no trial was held before the court entered the judgments of conviction, they must be reversed (see People v Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th and 10th Jud Dists 2018]; People v Malekan, 56 Misc 3d 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
We note that the SCTPVA is an "arm of the District Court" (Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 7 NY3d 492, 498 [2006]) and "operate[s] under the direction and control of the county executive" (General Municipal Law § 370 [3]). Contrary to the People's argument, article 2-A of the Vehicle and Traffic Law is not applicable to the SCTPVA, as article 2-A applies only to traffic violations bureaus, which are administrative tribunals wherein hearings are conducted before hearing officers appointed by the Commissioner of Motor Vehicles (see Vehicle and Traffic Law § 227) and their determinations are submitted for review to an administrative appeals board (see Vehicle and Traffic Law § 228), with judicial review only as permitted by CPLR article 78 (see Vehicle and Traffic Law § 228 [9]).
Accordingly, the judgments of conviction are reversed and the matters are remitted to the District Court for all further proceedings.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2019