The People of the State of New York, Respondent,
against
Eric J. Iverson, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Lewis Silverman, J.H.O.), rendered October 10, 2017. The judgments convicted defendant, upon his failure to appear at trial, of uninsured operation of a motor vehicle and operating a motor vehicle upon a public highway while using a mobile telephone, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, the fines and surcharges, if paid, are remitted, and the matters are remitted to the District Court for all further proceedings.
On October 26, 2016, the People charged defendant, in simplified traffic informations, with uninsured operation of a motor vehicle (Vehicle and Traffic Law § 319 [1]) and operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]). On August 1, 2017, defendant appeared before the District Court, Suffolk County Traffic and Parking Violations Agency, pleaded not guilty to the charges and requested a trial. The court advised defendant that a trial was scheduled for October 10, 2017 and provided defendant with a document stating the date and time of the trial. The document also stated:
"If you fail to answer at that time, THE COURT MAY ISSUE A WARRANT FOR YOUR ARREST OR PROCEED IN YOUR ABSENCE AND YOU WILL BE LIABLE [*2]FOR ANY SENTENCE AND/OR FEES IMPOSED, INCLUDING INCARCERATION, AND other penalties permitted by law."
When defendant failed to appear for the scheduled trial, the court entered judgments against defendant without conducting a trial, and sentenced defendant to fines, and surcharges and administrative fees were imposed. On appeal, defendant contends, among other things, that the default judgments were improper. We agree.
While Vehicle and Traffic Law § 1806-a (1) permits "a default judgment or a fine" to be entered against a defendant who has been charged with a traffic infraction but failed to "answer within the time specified," the statute expressly provides that "[w]hen a person has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the hearing which shall be scheduled by the court of such city, village or town within thirty days of such demand." As defendant pleaded not guilty to both charges and requested a trial, and since no trial was held before the court entered the judgments of conviction, they must be reversed (see People v Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Malekan,56 Misc 3d 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
In view of the foregoing, defendant's remaining contentions have been rendered academic. 
Accordingly, the judgments of conviction are reversed and the matters are remitted to the District Court for all further proceedings.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019