The People of the State of New York, Appellant, against
against
CMWV, LLC, Respondent. The People of the State of New York, Appellant, 
 against
CMWV, LLC, Respondent. 




Office of the Brookhaven Town Attorney (Edward A. Flood of counsel), for The People of the State of New York.
Raymond Negron, for CMWV, LLC.

Appeal by the People from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated February 15, 2018. Separate appeal by defendant from a "default" judgment of conviction of that court rendered November 15, 2018. The order granted the branch of defendant's motion seeking to dismiss the accusatory instrument charging defendant with violating the Town Code of the Town of Brookhaven § 57A-22. The "default" judgment, entered upon defendant's failure to appear at trial, convicted defendant of violating the Town Code of the Town of Brookhaven § 16-3 (A).




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the order is reversed, on the law, the branch of defendant's motion [*2]seeking to dismiss the accusatory instrument charging it with violating the Town Code of the Town of Brookhaven § 57A-22 is denied, that accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings thereon; and it is further,
ORDERED that the "default" judgment convicting defendant of violating the Town Code of the Town of Brookhaven § 16-3 (A) is reversed, on the law, the fine, if paid, is remitted, and the matter is remitted to the District Court for all further proceedings. 
Defendant was charged, in separate informations, with failing to have a building permit for the billboards located on its property in June 2017 in violation of the Town Code of the Town of Brookhaven (Town Code) § 16-3, and with having billboards on its property in June 2017 in violation of Town Code § 57A-22, respectively. On November 9, 2017, defendant appeared in court with its attorney and was arraigned on both informations. Thereafter, by motion returnable in December 2017, defendant moved to, among other things, dismiss the information charging it with violating § 57A-22 on the ground that chapter 57A of the Town Code is unconstitutional. The People opposed the motion, to which defendant replied.
By order dated February 15, 2018, the District Court granted the branch of defendant's motion seeking dismissal, finding that:
"Chapter 57A of the Town Code has already been declared as unconstitutional pursuant to the decision rendered from the Appellate Term of the Second Department [citing People v On Sight Mobile Opticians, 40 Misc 3d 95 (App Term, 2d Dept, 9th & 10th Jud Dists 2013)].
. . .
The Court of Appeals subsequently reversed the part of the Appellate Term decision that held §57A-11 could not be severed from the unconstitutional provisions of Chapter 57A and held that it could be severed, and thus reinstated the convictions (People v On Sight Mobile Opticians, 24 NY3d 1107, 2 NYS3d 406 [2014]). Significantly, the Court of Appeals held: 'We therefore need not and do not consider the constitutionality of any part of chapter 57A except section 57A-11' (id. at 1110). Here, defendant is not charged with violating §57A-11, the only provision of the chapter that was found to be constitutional. Rather, defendant is charged with violating 57A-22. As this section was in existence at the time of the Appellate Term's decision, and it was, thus, declared unconstitutional, this Court is bound by the doctrine of Stare decisis (see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 43 NYS3d 51 [2d Dept 2016])."
The People appeal from this order.
Defendant subsequently moved to dismiss the information charging it with violating Town Code § 16-3 (A) on the ground of facial insufficiency, which motion the People opposed. The People then moved for leave to reargue the February 15, 2018 order, which motion defendant opposed. By order dated August 14, 2018, the District Court denied both motions and adjourned the matter in which defendant was charged with violating § 16-3 (A) for trial. On November 15, 2018, neither defendant nor its attorney appeared in court for trial, at which time the District Court entered a "default" judgment of conviction against defendant, and imposed sentence. Defendant appeals from the "default" judgment of conviction.
On the appeal from the February 15, 2018 order, the People contend that Town Code § 57A-22 is constitutional and should be severed from chapter 57A of the Town Code (see People v On Sight Mobile Opticians, 24 NY3d 1107 [2014]). Defendant responds that in People v On Sight Mobile Opticians (40 Misc 3d 95 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]), the Appellate Term found that chapter 57A of the Town Code unconstitutionally favors commercial speech over noncommercial speech (see id. at 101-102), and the Court of Appeals' holding in People v On Sight Mobile Opticians (24 NY3d 1107) did not disturb this finding with respect to § 57A-22. Defendant also argues that the information charging it with violating § 57A-22 is facially insufficient.
Town Code § 57A-22, "Billboard signs prohibited," provides, in pertinent part, as follows:
"A. Purpose and intent. In recognition of the negative visual impacts, including but not limited to the unaesthetic appearance of many billboards throughout the Town, and particularly in commercially developed areas and along public roads and highways, it is the intent and objective of this Town Board to create a more aesthetic visual environment throughout the Town in keeping with the rural, semi-rural, and suburban character of its various hamlets, neighborhoods and areas by limiting, and ultimately eliminating, certain kinds of commercial signage defined in this chapter as 'billboards.'
B. The construction of new billboards as defined in this chapter is hereby prohibited in all zoning districts.
C. All existing billboards as defined in this chapter, whether or not authorized by a certificate of occupancy, certificate of conforming use or certificate of zoning compliance, shall be dismantled and removed from their existing locations on or before December 31, 2004."
In order to be sufficient of its face, an information must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). The nonhearsay requirement is waived if it has not been properly raised in a motion (see People v Casey, 95 NY2d at 364-365), which is the case here. It is noted that the information incorrectly states that defendant is charged [*3]with violating Town Code § 57A-14, and does not specify whether defendant is being charged with violating Town Code § 57A-22 (B) or (C). In any event, the information states that § 57A-22 (B) prohibits the construction of new billboards in all zoning districts, and that § 57A-22 (C) requires all existing billboards to be dismantled and removed on or before December 31, 2004. The factual allegations of the information state that defendant owns the subject premises and that the deponent "observed four (4) billboards, approximately 30 [feet] x 20 [feet] erected at the subject premises" in June 2017. 
It is well settled that the law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, the factual allegations must provide the defendant with sufficient notice so that he can prepare for trial and be adequately detailed so that he cannot be tried again for the same offense (see People v Sedlock, 8 NY3d 535, 538 [2007]). Here, the aforementioned factual allegations establish, if true, every element of a violation of Town Code § 57A-22 (C) (see CPL 100.15 [3]; 100.40 [1] [c]), which requires billboards to "be dismantled and removed from their existing locations on or before December 31, 2004," as the accusatory instrument alleged that the billboards were present on defendant's premises in June 2017. We note that the allegations do not support a charge of violating § 57A-22 (B).
With respect to defendant's constitutional challenge to Town Code § 57A-22, we note that in People v On Sight Mobile Opticians (40 Misc 3d 95), the defendant pleaded guilty to five charges of placing a sign advertising its optician's business on public property in violation of Town Code § 57A-11 (B), which prohibits commercial advertising on public property and roads. On appeal, this court stated that while § 57A-11 (B), "considered in isolation, represents a constitutional exercise of the Town's zoning authority," chapter 57A, "considered as a whole . . . unconstitutionally favors commercial speech over noncommercial speech" by "permit[ing] commercial advertising in every zoning district aside from public lands and roads, and bars noncommercial speech in most contexts in which commercial speech is allowed" (id. at 101-102). This court further explained that "it is impossible to sever so much of chapter 57A as permits 'commercial favoritism' while retaining the remainder. The chapter's provisions are so closely interwoven that removing them wholesale would render the regulatory scheme incoherent and would amount to a judicial rewriting of a legislative scheme . . . . Accordingly, because we find chapter 57A to be unconstitutional, the judgments convicting defendant of violating section 57A-11 of the Code are reversed, [and] the accusatory instruments are dismissed" (id. at 102).
On appeal to the Court of the Appeals, the Court reversed the Appellate Term's order (People v On Sight Mobile Opticians, 24 NY3d 1107), and stated that, upon applying the test for severability set forth in Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation (75 NY2d 88, 94 [1989]), and "[i]n light of section 57A-11's independent legislative purpose, this provision can be severed from any unconstitutional portions of chapter 57A" (id. at 110). The court added, "We therefore need not and do not consider the constitutionality of any part of chapter 57A except section 57A-11" (id.). The court went on to find that § 57A-11 "imposes a content-neutral ban on all signs on public property, and applies to both commercial and noncommercial signs without consideration of their content. Further, it [*4]directly serves the Town's valid interests in traffic safety and aesthetics, as expressly articulated in section 57A-11 (A)" (id.).
We need not revisit the entirety of our prior holding that chapter 57A of the Town Code unconstitutionally favors commercial speech over noncommercial speech (see People v On Sight Mobile Opticians, 40 Misc 3d at 101-102) in light of the determination by the Court of Appeals that a single section within chapter 57A can be severed from any unconstitutional portions of chapter 57A if it has an independent legislative purpose (see People v On Sight Mobile Opticians, 24 NY3d at 1110). Town Code § 57A-22 deals with a discrete regulatory topic and regime—the prohibition of new construction of billboards and the removal of existing billboards located in the Town of Brookhaven. Town Code § 57A-22 (A) explains the purpose of the prohibition, and we find that explanation to be a clearly independent legislative purpose (see id.). Consequently, § 57A-22 can be severed from any unconstitutional portion of chapter 57A of the Town Code.[FN1]


In Members of City Council of Los Angeles v Taxpayers for Vincent (466 US 789, 807 [1984]), the United States Supreme Court stated that, in the case of Metromedia, Inc. v City of San Diego (453 US 490, 507-508 [1981]), the Court had "expressly concluded that the city's esthetic interests were sufficiently substantial to provide an acceptable justification for a content-neutral prohibition against the use of billboards; San Diego's interest in its appearance was undoubtedly a substantial governmental goal." Moreover, the Supreme Court has noted that "municipalities have a weighty, essentially esthetic interest in proscribing intrusive and unpleasant formats for expression" (Members of City Council of Los Angeles v Taxpayers for Vincent, 466 US at 806). The appearance of a town is a substantial governmental goal (see Metromedia, Inc. v City of San Diego, 453 US at 560) and, therefore, constitutes a public purpose "sufficient to support the regulation of signs" (2 Rathkopf's Law of Zoning and Planning, § 17:5). The provisions of Town Code § 57A-22 are "reasonably related" to that end (Suffolk Outdoor [*5]Adv. Co. v Hulse, 43 NY2d 483, 489 [1977]) and are "narrowly tailored" to serve the stated objective while leaving open "alternative channels for communication" (Clark v Community for Creative Non-Violence, 468 US 288, 293 [1984]).

As Town Code § 57A-22 is a content-neutral ban on all billboards located in the Town of Brookhaven and directly serves the Town's valid interest in esthetics, we find that defendant's challenge to the constitutionality of § 57A-22 lacks merit.

Accordingly, the order dated February 15, 2018 is reversed, the branch of defendant's motion seeking to dismiss the accusatory instrument charging it with violating Town Code § 57A-22 (C) is denied, and the accusatory instrument charging that offense is reinstated.

On appeal from the "default" judgment of conviction, defendant contends that the District Court had no authority to enter a guilty plea on its behalf. A review of the record indicates that, when defendant and its counsel failed to appear at trial, the District Court entered a "default" judgment of conviction against defendant. There is no bar to appealing a "default" judgment in a criminal action and, generally, a default judgment cannot be entered in a criminal case (see CPL 70.20; People v Malekan, 56 Misc 3d 62, 64 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; cf. CPL 600.20). Indeed, the Court of Appeals has stated that there is "an innate aversion to default judgments in criminal matters" (People v Epps, 37 NY2d 343, 348 [1975]). 

Even assuming, arguendo, that the provisions of CPL 600.20—which permit the entry of a guilty plea against a corporation which fails to appear by counsel at the time it is required to enter a plea—apply to a limited liability company, such as defendant herein (see People v All State Props, LLC, 44 Misc 3d 133[A], 2014 NY Slip Op 51156[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014), CPL 600.20 would nevertheless not authorize the court's entry of a guilty plea here, as it is uncontroverted that defendant was arraigned on the accusatory instruments and, thus, did not fail to appear at the time it was required to enter a plea. Consequently, the District Court lacked the authority to enter a "default" judgment against defendant simply because defendant and its attorney failed to appear in court on the trial date. In the absence of the entry of a proper guilty plea, "[n]o conviction of an offense by verdict is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant's commission thereof" (CPL 70.20). While defendant could have been tried in absentia if it had been provided with Parker warnings (see People v Parker, 57 NY2d 136, 142 [1982]; People v June, 116 AD3d 1094, 1095 [2014]; People v Malekan, 56 Misc 3d at 65), there is nothing in the record indicating that it had been so informed and, in any event, no trial was conducted in this case.

Accordingly, the "default" judgment convicting defendant of violating Town Code § 16-3 (A) is reversed and the matter is remitted to the District Court for all further proceedings.

ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 6, 2020



Footnotes

Footnote 1: Effective December 28, 2011, the Town of Brookhaven enacted Town Code § 57A-25 which states as follows:
~~"If any clause, sentence, paragraph or section of this chapter shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not impair or invalidate the remainder hereof, but such adjudication shall be confined in its operation to the clause, sentence, paragraph or section directly involved in the controversy in which judgment shall have been rendered."