Howard D. CLARKE, et al.,
Plaintiffs–Appellants,

v.

Bill DE BLASIO, et al., Defendants–
Appellees.[1]

No. 14–3390–cv.

United States Court of Appeals,
Second Circuit.

March 12, 2015.

1. The caption has been amended for the pur- poses of the summary order.

**32**

Tracy J. Harkins, Mt. Sinai, NY, for Plaintiff–Appellant.

Drake Colley, Assistant Corporation Counsel, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, Walter A. Kretz, Jr., Scoppetta Seiff Kretz & Abercrombie, New York, NY, for Defendants–Appellees.

PRESENT: GUIDO CALABRESI, PETER W. HALL, and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants New York State Professional Process Servers Association, Inc., Howard D. Clarke, and Stephen Boyko, Inc., (collectively, "Plaintiffs") brought this class action against the City of New York and thirty-eight individual defendants (collectively, "Defendants") in their official and individual capacities. Plaintiffs appeal from a judgment of the district court dismissing their claims against Defendants, arguing, *inter alia*, that they were entitled to relief under 42 U.S.C. § 1983 because Defendants acted *ultra vires* in adjudicating alleged violations of process server regulations and violated Plaintiffs' procedural due process rights in denying renewal of process server licenses absent a hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir.2006) (internal quotation marks omitted). A plaintiff must allege sufficient facts to state a claim of relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

 On review of the record, we conclude for substantially the same reasons as did the district court in its thorough opinion and order that Plaintiffs' amended complaint fails to allege facts sufficient to withstand a Rule 12(b)(6) motion to dismiss. *New York State Prof'l Process Servers Ass'n, Inc. v. City of New York*, No. 14 CIV. 1266 DLC, 2014 WL 4160127 (S.D.N.Y. Aug. 18, 2014). In particular, we hold that Plaintiffs' factual allegations do not support their claim that Defendants acted *ultra vires* in administratively enforcing violations of Title 20 of the Administrative Code, which governs the oversight of process server licensing. On the contrary, we agree with the district court that several provisions of the Administrative Code together with provisions of the City Charter provide substantial authority to Defendants to oversee, regulate and enforce the laws governing process server licensing. *Id.* at *4–6.

 We also agree with the district court that Plaintiffs' procedural due process claim fails. Plaintiffs do not allege sufficient facts to demonstrate that absent a hearing Defendants' denial of process server licenses rises to the level of a procedural due process violation. As the district court explained, Defendants are given great discretion in determining whether to renew a license and neither the Administrative Code nor the City Charter requires

Defendants to grant a renewal on the condition that certain criteria are met. *Id.* at *8. Plaintiffs fail to demonstrate a cognizable property interest and "legitimate claim of entitlement" so as to warrant a hearing in connection with the denial of renewal of their process server licenses. *Spinelli v. City of New York,* 579 F.3d 160, 169 (2d Cir.2009).

We have considered all of Plaintiffs' remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of Defendants' motion to dismiss.