Matter of Givens v City of New York (2019 NY Slip Op 08489)





Matter of Givens v City of New York


2019 NY Slip Op 08489


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


161609/15 -100016/16 10402B 100224/16 151625/17 153763/17 10402A 10402

[*1] In re John Givens, et al., Petitioners-Appellants,
v
City of New York, et al., Respondents-Respondents. [And Other Actions.]


Tracy J. Harkins, Mount Sinai, for appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Lucy Billings, J.), entered February 26, 2018, insofar as appealed from as limited by the briefs, which denied the petitions brought under index Nos. 100016/16 and 100224/16 seeking to annul determinations of the New York City Department of Consumer Affairs (DCA), dated December 28, 2015 and February 17, 2016, denying petitioners' applications to renew their process server licenses, except to the extent the petitions sought to annul DCA's findings that petitioners made false or misleading statements in their recommendations to DCA, and dismissed those proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered February 21, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint brought under index No. 161609/15, unanimously affirmed, without costs. Order and judgment (one paper) (denominated decision and order), same court (Verna L. Saunders, J.), entered May 29, 2018, which denied the petition brought under index No. 151625/17 seeking to annul the determinations dated January 19, 2017, denying petitioners' process server license applications, dismissed that proceeding brought pursuant to article 78, and granted respondents' motion to dismiss the complaint in the action filed under index No. 153763/17, unanimously affirmed, without costs.
Petitioners' challenges to DCA's authority to promulgate rules governing process serving in New York City are unavailing. Petitioners fail to establish that state law preempts local laws in this area (see generally DJL Rest. Corp. v City of New York, 96 NY2d 91, 95 [2001]), based on either a direct conflict with a state statute (see e.g. CPLR 2103[a] ["Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over"] [emphasis added]), or an implied legislative intention to occupy the entire field of process serving (see General Business Law § 89-jj; see generally Municipal Home Rule Law § 10[1][i]).
The court properly dismissed petitioners' procedural and substantive due process claims. In light of DCA's discretion as to whether to grant an initial application for a process serving license and whether to grant a renewal license application, the denials of such applications do not implicate any protected property interests (see New York State Professional Process Servers Assn., Inc. v City of New York, 2014 WL 4160127, *8, 2014 US Dist LEXIS 115137, *19-20 [SD NY 2014], affd sub nom Clarke v de Blasio, 604 Fed Appx 31, 32 [2d Cir 2015]; Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 273-274 [1st Dept 2010]).
Petitioners' equal protection claims, based on allegations of selective enforcement, were [*2]also properly dismissed. Petitioners failed to establish that the persons who were allegedly treated differently were "similarly situated" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 630 [2004]). Moreover, petitioners do not allege "differential treatment as a constitutionally protected suspect class, or denial of a fundamental right," and failed to show that DCA "singled out" their license applications "with malevolent intent" (id. at 630-631).
The court properly dismissed the defamation claims, which were based on absolutely privileged statements made during quasi-judicial proceedings (see Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]).
We find that the denials of petitioners' applications for process serving licenses or renewal thereof were not shockingly disproportionate to the offense, in light of the seriousness of petitioners' extensive violations (see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]).
We have considered petitioners' remaining arguments for affirmative relief, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK