In the Matter of Marsha Pels, Petitioner, v New York City Environmental Control Board et al., Respondents. [29 NYS3d 164]—

Determination of respondent New York City Environmental Control Board (ECB), dated December 19, 2013, which reinstated a violation against petitioner for obstructing the sprinkler system in her loft unit in violation of the New York City Fire Code, and assessed a mitigated $475 fine, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered on or about Oct. 6, 2014), dismissed, without costs.

ECB's finding that petitioner erected a free-standing structure with a temporary ceiling that obstructed the sprinkler system in violation of the Fire Code is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]).

Article 7-C of the Multiple Dwelling Law (Loft Law) does not preempt enforcement of the Fire Code violation under the circumstances presented (see DJL Rest. Corp. v City of New York, 96 NY2d 91, 95 [2001]). An analysis of the Loft Law and its legislative findings reveals that the New York State Legislature did not "clearly evince[ ] a desire to preempt an entire field thereby precluding any further local regulation" such that implied preemption would apply (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97 [1987]). Furthermore, petitioner's express preemption arguments fail, as no section of the Loft Law expressly prohibits enforcement of fire safety regulations against tenants who affirmatively create new fire hazards. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.