OPINION OF THE COURT
Heidi C. Cesare, J.
Defendant moves for an order dismissing count one of the information charging serial acts of public lewdness under Administrative Code of the City of New York § 10-165 (a) as legally insufficient and unconstitutional pursuant to CPL 170.30, 170.35, 100.15 and 100.40. Defendant, invoking the doctrine of field preemption, contends that Administrative Code § 10-165 is unconstitutional as it constitutes an improper exercise of municipal home rule. For the reasons stated below, defendant’s motion to dismiss count one of the information is denied.
Count one of the information charges serial acts of public lewdness under Administrative Code § 10-165 (a). This section, effective January 30, 2008, provides as follows:
“A person is guilty of serial acts of public lewdness when two or more times within any three-year period he or she intentionally exposes the private or intimate parts of his or her body in a lewd manner or commits any other lewd act . . . in a public place ... A person who commits serial acts of public lewdness shall be guilty of a class A misdemeanor” (id.).
The charge of serial acts of public lewdness (Administrative Code § 10-165 [a]) arises from two separate incidents where the informant allegedly observed defendant engage in lewd behavior while in or near the subway station at East 8th Street and Broadway.[1]
*384 “Municipalities generally have the authority to adopt local laws to the extent that they are not inconsistent with either the State Constitution or any general law” (Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690 [2015]; see also DJL Rest. Corp. v City of New York, 96 NY2d 91, 94 [2001]; NY Const, art IX, § 2 [c] [ii]; Municipal Home Rule Law § 10 [1]). “The constitutional home rule provision confers broad police power upon local government relating to the welfare of its citizens”[2] (New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988]; see also People v De Jesus, 54 NY2d 465, 468 [1981]). State preemption occurs in two ways: “conflict preemption” occurs when a local government adopts a law that directly conflicts with a state statute (DJL Rest. Corp. at 95; see also e.g. Consolidated Edison Co. of N.Y. v Town of Red Hook, 60 NY2d 99, 107 [1983]); “field preemption” occurs when a local government legislates in a field where the New York State Legislature has assumed full regulatory responsibility (id.; see also e.g. New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988]). “[F]ield preemption may be express as evidenced by the legislature’s stated directive,” or it may “be implied from a declaration of State policy by the Legislature or from the fact that the Legislature has enacted a comprehensive and detailed *385 regulatory scheme in a particular area” (People v Diack, 24 NY3d 674, 679 [2015] [internal quotation marks and citation omitted]). “Intent to preempt the field may be implied from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given area” (id. [internal quotation marks and citation omitted]).
Defendant invokes the doctrine of field preemption to contend that Administrative Code § 10-165 is unconstitutional as it constitutes an improper exercise of municipal home rule. Defendant argues that the New York State Legislature’s enactment of public lewdness (Penal Law § 245.00) and public lewdness in the first degree (Penal Law § 245.03) shows the legislature’s intent to occupy the entire field of offenses involving public lewdness. This court disagrees. Public lewdness is addressed by two sections of the Penal Law, specifically sections 245.00 and 245.03 of article 245. Neither section conflicts with Administrative Code § 10-165. No section in article 245 offers any policy declaration indicating the state legislature’s intent to preempt municipal regulation. Significantly, New York State enacted Penal Law § 245.03 on November 1, 2014, over six years after the New York City Council enacted Administrative Code § 10-165 on January 30, 2008. The New York State Legislature’s silence on preemption at the time it enacted section 245.03 permits a reasonable inference that the state legislature had no intent to preempt home rule in the field of offenses involving public lewdness. Defendant has also failed to identify any comprehensive state scheme covering public lewdness that would warrant a finding of implied field preemption.
For the foregoing reasons this court concludes that Administrative Code § 10-165 is not preempted by New York State law. Defendant’s motion to dismiss count one of the information is denied.

. The accusatory instrument sworn out by Detective Anthony West, of the New York City Police Department’s Manhattan Special Victims Unit, states the following:
“I am informed by [K.H.], of an address known to the District Attorney’s Office, that on January 1, 2016 at approximately 8:15 p.m., inside the subway station at East 8th Street and Broadway, she observed the defendant standing on the platform several feet away from her and that the defendant stated in substance: *384 ‘Hey, look over here.’ I am further informed by Ms. [H.], that while standing on the platform she observed that the defendant’s pants were down by his knees and that his penis was naked and erect, and that the defendant was rubbing his penis with his hand in an up and down motion. I am further informed by Ms. [H.], that on January 2, 2016, at approximately 8:05 p.m., while she was standing inside the subway car between the East 8th Street and East 14th Street stations, she observed the defendant also inside that subway car and that he was completely naked from the waist down and that his pants were draped over his arm. I am further informed by Ms. [H.] that she observed that the defendant was rubbing his naked and erect penis with his hand in an up and down motion. I am further informed by Ms. [H.] that the defendant advanced towards her while he continued to rub his penis.”

. NY Constitution, article IX, § 2 (c) provides in pertinent part:
“In addition to powers granted in the statute of local governments or any other law . . . (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government. . . The government, protection, order, conduct, safety, health and well-being of persons or property therein” (i.e., the police power).